THE BOARD OF COMMISSIONERS OF BARBER COUNTY V. R. M. SMITH et al.

1. ACTION, *Not Maintained by Private Persons.* An action to restrain the board of county commissioners of Barber county from purchasing certain bridges, under chapter 61, Laws of 1891, cannot be maintained by private persons having no other interest than one common to all the resident tax-payers of the county.

2. COUNTY BOARD — *No Grounds for Injunction.* Before the board of county commissioners can be restrained by injunction from the performance of an act that is claimed to be unauthorized by law, and injurious to those seeking to prevent its performance, some steps must be taken by the commissioners, as a board, that are plainly indicative of their determination to do or perform the act complained of. Mere threats or declarations of intention to do or perform the act in question are not sufficient to constitute grounds for an injunction.

3. STATUTE, *Valid.* Chapter 61 of the Laws of 1891 is not in violation of either § 16 or § 17 of article 2 of the constitution of this state, or of § 1 of article 11.

*Error from Barber District Court.*

THE opinion states the case.

*Cameron & Jones,* for plaintiff in error.
*W. W. S. Snoddy,* for defendants in error.

Opinion by SIMPSON, C.: R. M. Smith and 13 other persons, who describe themselves as tax-payers of Barber county, commenced an action against the board of county commissioners of that county, the object of which was to perpetually enjoin the board of county commissioners from purchasing any or all bridges built on the public highways of said county, under and by virtue of the terms of an act entitled "An act concerning bridges in Barber county, Kansas," published March 11, 1891, that reads as follows:

"SECTION 1. That the county commissioners of Barber county, Kansas, are hereby authorized to purchase, at their true value, any or all bridges, built on the public highways of said county, by any township or private person or persons, and pay for the same in county bonds; said bonds not to draw over 6 per cent. interest, and made payable not under 10 years; or said bonds may be sold at not less than par, and the proceeds applied for the payment of said bridges."

In the absence of the district judge from the county, a temporary injunction was allowed by the probate judge, issued, and served on the board. Afterward a motion was made before the district judge to dissolve the injunction, and a demurrer to the petition was filed, claiming that the petition did not state facts sufficient to constitute a cause of action. The motion to dissolve the injunction and the demurrer to the petition were both overruled by the trial court, and these are the errors complained of. Three questions have been discussed by counsel in their briefs and at the bar.

I. The first of these is, whether the plaintiffs below have

such a peculiar interest in the subject-matter of the action, aside from the general public, that they can maintain such an action as this. This court has always held that, before a private citizen can be allowed to maintain an action of this character, he must allege and show some interest personal and peculiar to himself, that is not shared by or does not affect the general public; and it is not enough that his damages are greater than those sustained by the general public, thus differing only in degree; but they must be different in kind. (*School District v. Neil*, 36 Kas. 617, and authorities cited; *Mikesell v. Durkee*, 34 id. 509; *School District v. Shadduck*, 25 id. 467.)

Ever since the case of *Craft v. Jackson Co.*, 5 Kas. 518, this court has constantly held that, if the injury is one that peculiarly affects a person, he has his right of action; but if it affects the whole community alike, the remedy is by proceedings instituted by some public officer. The only reason given why these defendants in error have a peculiar interest, different in kind from the balance of the people of the county of Barber, is, that they live and have property in townships in which no bridges have been built, and consequently they will be compelled to pay taxes to purchase bridges to be used and enjoyed by the people of other townships. This is not sufficient. Under the operation of the general law authorizing the board of county commissioners to build or purchase bridges, the people of all the other townships, except the one in which the bridge is located, are affected the same way. If this board of county commissioners purchase the bridges, as authorized by the act of 1891, they become county bridges, and every tax-payer in the county pays his proportionate share of the purchase-money in the way of taxes. It is alleged that these defendants in error are the principal tax-payers in their respective townships. To this we reply, in the language of *Craft v. Jackson Co.*: "The amount of taxes he pays is immaterial. A pecuniary interest, however small, as much entitles him to have his grievances heard and adjudicated, as though he controlled half of the revenue of the

county." It is not the amount involved, but the peculiar personal interest in the subject-matter of the action, different in kind from that of the general public, that determines his right to maintain such a suit. Both the motion to dissolve the injunction and the demurrer to the petition ought to have been sustained, because as to these plaintiffs below no cause of action is alleged in the petition.

II. The petition does not allege that an official action had been taken by the board toward purchasing the bridges. The strongest allegations are, that "the said defendants have determined to buy the bridges;" "that the defendants have determined to have an adjourned or special meeting on the 1st day of June, 1891, and at said meeting purchase all of said bridges, and issue and deliver bonds in payment thereof;" "that the defendants are about to purchase the bridges." These are not sufficient. (*Troy v. Comm'rs of Doniphan Co.*, 32 Kas. 507, and authorities cited; *Challiss v. City of Atchison*, 39 id. 276; *Andrews v. Love*, 46 id. 264; *Stoufer v. Comm'rs of Seward Co.*, 47 id. 287.) All these cases hold that, before an injunction can issue against an officer or tribunal, some official steps towards the performance of the act claimed as injurious must be alleged and shown. For this reason the demurrer and motion to dissolve the injunction ought to have been sustained.

III. Finally, it is claimed that the law of 1891, authorizing the board to purchase the bridges, is unconstitutional. It is claimed that it violates § 16 of article 2 of the constitution in two respects, to wit: It contains more than one subject, and the subject is not clearly expressed by its title. The title is comprehensive enough to embrace everything connected with bridges, their mode and manner of construction, purchase and payment, and it embraces but one subject, and that is "bridges." It is said that it violates § 17 of the same article, because the subject is one where a general law could have been made to apply. It is doubtful whether such a condition, with reference to bridges, exists in any other county in the state. To say the least, it is an unusual condition of affairs, because the

law and the rule is, that counties and townships build bridges, and not private individuals; hence, this is one of the cases in which the legislature must determine whether their purpose can or cannot be accomplished by a general law. (*The State, ex rel., v. Hitchcock*, 1 Kas. 178.)

It is claimed that it violates the spirit of § 1, article 2, of the constitution; but as this act does not undertake to provide for a rate of assessment or taxation, but only authorizes the purchase of bridges and issue of bonds in payment thereof, that section is not attacked or threatened with infringement.

We recommend that the judgment be reversed, and the cause remanded, with instructions to dissolve the injunction and sustain the demurrer.

By the Court: It is so ordered.

All the Justices concurring.