[No. 3562.   Decided May 25, 1901.]

CITY OF TACOMA *et al., Appellants,* v. ROBERT BRIDGES, *Commissioner of Public Lands, Respondent.*

INJUNCTION — ILLEGAL EXERCISE OF POWERS BY STATE OFFICERS —
RIGHT OF TAXPAYER TO RESTRAIN.

A taxpayer and citizen suing in a private capacity cannot maintain a suit to enjoin a state officer from committing a breach of his public duty, without showing that he will suffer an injury thereby differing in kind from that suffered by the public at large.

SAME — REMOTE INJURY.

A complaint in an action by a municipality and one of its citizens to enjoin a state officer does not state facts sufficient to constitute a cause of action when it alleges, in substance, that defendant, in excess of his powers, threatens to lease certain of the public lands of the state, and that the lessees thereof will commit a nuisance on the leased lands which will operate injuriously to the health of the individual plaintiff and to the health of the inhabitants of the municipality, since the threatened injury is too remote to authorize the interference of a court of equity.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.   Affirmed.

*W. H. Pritchard, Walter M. Harvey, William P. Reynolds* and *Emmett N. Parker,* for appellants.

*Thomas M. Vance,* Assistant Attorney General, for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellants, who were plaintiffs below, brought this action against the commissioner of public lands, praying for injunctive relief.   A demurrer was sustained to their amended complaint, whereupon they refused to plead further, and judgment of dismissal and for

costs was entered against them. The material parts of the complaint are as follows:

"1. That the city of Tacoma is a municipal corporation and city of the first class, duly organized and existing under the laws of the state of Washington.

"2. The plaintiff, Seamore A. Crandall, is a citizen and taxpayer of the said city of Tacoma, county of Pierce, state of Washington, and is the owner of the following described real estate, situate in the county of Pierce, state of Washington, to-wit: Lots seven (7) and eight (8) in block eighty-five hundred and ten (8510), in the city of Tacoma, as shown by the plat of the Tacoma Land Company's First addition to said city of Tacoma, on file in the office of the auditor of said Pierce county; and lives in a dwelling-house upon said lots with his family, and that said lots are immediately adjoining and contiguous to section sixteen, township twenty, range three east, in said Pierce county, Washington.

"3. Plaintiffs further allege and show that the defendant is the commissioner of public lands of the state of Washington, and as such officer has posted and published a certain notice, a true copy of which is hereunto attached, marked 'Exhibit A'; and in pursuance of said notice he threatens to, and he will, unless restrained by this court, receive bids for the leasing of lands in said section sixteen, township twenty, range three east, situated in the county of Pierce, state of Washington, and within the corporate limits of the plaintiff, the city of Tacoma; and will execute and deliver to the bidders therefor written instruments purporting to lease certain portions of said section sixteen, containing pretended descriptions of land, the same as in said notice set forth; such bidders and pretended lessees will thereupon and thereafter proceed to squat upon and occupy certain portions of said section sixteen, and will erect and construct cheap temporary dwellings and outhouses thereon; and will, under the pretended authority of said defendant Bridges, use the soil and surface of said land for the deposit of night soil and the excrement of human beings and animals, and thereby dis-

ease germs will be bred, disease will be fostered and promoted, and the waters draining from said section sixteen will be contaminated and polluted, which waters are being used, and must necessarily be used, by the plaintiff, the city of Tacoma, to supply its inhabitants; and the health of the inhabitants of said city will thereby be greatly endangered.

"4.    Plaintiffs further allege and show that said section sixteen is the property of the state of Washington, and belongs to the common-school fund of said state; that said defendant Robert Bridges threatens to, and he will, unless restrained by the order of this court, file in the office of the auditor of said Pierce county, Washington, a pretended plat of said school lands, purporting to divide the same into blocks, with streets and alleys intervening, and make a pretended acknowledgment of said plat, and thereby undertaking and purporting to dedicate to the public a large portion of said section sixteen, to be used as public highways for streets and alleys, and thus undertaking and purporting to dispose of a large portion of said section sixteen by voluntarily making a gift and a donation thereof to the public, in direct violation of the positive terms of the laws and constitution of the state of Washington, and without any right or authority so to do; and thereby a cloud will be cast upon the title of said lands, and the plaintiff Seamore A. Crandall and other taxpayers of said state will suffer great and irreparable injury.

"5.    Plaintiffs further allege and show that the defendant is acting, in making said plat and in undertaking to lease said lands, solely under the authority of a pretended act of the legislature of the state of Washington, entitled 'An act to provide for the selection, survey, management, reclamation, lease and disposition of the state's granted, school, tide, oyster and other lands, harbor areas, and for the confirmation and completion of the several grants to the state by the United States; creating a board of appraisers and a board of harbor line commissioners, as required by articles 15 and 16 of the state constitution, which shall be generally known as the board of state land commissioners; defining their duties, and making an ap-

propriation therefor, and declaring an emergency,' passed on the 1st day of March, 1897, which act, plaintiffs allege, is in conflict with the constitution of the state of Washington, and is void and confers no·authority upon the defendant.

"6.   Plaintiffs further allege and show that to make a pretended lease of said lands, or any of them, according to the description in said notice set forth, would be merely to cast a cloud upon the title of said lands, and could not be effectual as a lease, because of the insufficiency and uncertainty of said description."

The exhibit referred to in the complaint and attached thereto is a copy of a notice published by the respondent, giving notice that he would on a day therein named offer for lease to the highest bidder certain tracts of land designated by number, being parts of the section sixteen mentioned in the complaint.   The demurrer was upon two grounds:   (1) That the plaintiffs had no legal capacity to sue; and (2) that the complaint did not state facts sufficient to constitute a cause of action.

In our opinion the demurrer was rightly sustained. Whatever may be the rule elsewhere, it is the rule in this state that a taxpayer and citizen suing in a private capacity cannot maintain a suit to enjoin a state officer from committing a breach of his public duty, without showing that he will suffer an injury thereby differing in kind from that suffered by the public at large.   *Jones v. Reed,* 3 Wash. 57 (27 Pac. 1067); *Birmingham v. Cheetham,* 19 Wash. 657 (54 Pac. 37).   The complaint in the case before us shows no such special injury.   Stripped of its verbiage, the allegations found in the complaint amount to no more than this:   That a state officer, in excess of his powers, threatens to lease certain of the public lands of the state, and that the lessees thereof will commit a nuisance on the leased lands, which will operate injuriously to the health

of the individual complainant and to the health of the inhabitants of the municipal complainant. This does not amount to an averment that the acts of the respondent directly threaten an injury to the complainants, or that the necessary consequences of his acts will be to injure them. At most, it is an averment that he is putting others in a position where such others may, if they so will it, act in such a manner as to result in an injury to the complainants. The threatened injury is, therefore, too remote to authorize a court of equity to enjoin the respondent from making the leases, if he is acting within his powers, and consequently too remote to require the court to enter upon the inquiry whether or not he is threatening to act in excess of his powers.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.

WHITE, J., concurs in the result.