[No. 3552.   Decided October 27, 1902.]

THE STATE OF WASHINGTON *on the Relation of E. V. Bussell* v. ROBERT BRIDGES, *Commissioner of Public Lands, et al.*

MANDAMUS — BOARD OF APPRAISERS — SALE OF PUBLIC LANDS —DIS-
CRETIONARY POWER.

Mandamus will not lie to compel the board of appraisers of state lands to readvertise and resell a tract of tide land upon the application of a purchaser who offers twenty-five per cent. more than it was sold for, since Laws 1897, p. 240, § 15, which authorizes a resale under such circumstances, makes it discretionary with the board whether or not a resale shall be ordered.

*Original Application for Mandamus.*

*Fred Rice Rowell,* for relator.

*Thomas M. Vance,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Application for writ of mandate. The petition, in substance, states that on January 27, 1900, lots 1 to 14, inclusive, in block 77, Seattle tide lands, were duly advertised for sale, and at said sale the highest and best bid was made by Daniel Kelleher; that the report of said sale was duly filed with the board of state land commissioners on January 30, 1900; that on March 31, 1900, and before the expiration of the thirty days provided by law for the issuance of the contract under said sale, petitioner filed in the office of the board an application in writing to purchase said described tide lands at an advance of more than twenty-five per cent. on the amount bid by said Kelleher at the sale, and deposited at the same time with said board one-tenth of the purchase price offered by petitioner, together with one dollar for fees for the contract, and demanded of said board a readvertisement and sale of said parcels of tide lands; that the board declined to readvertise and re-offer said lands for sale, for the reason that petitioner was present and had the opportunity to bid at the sale already made. Petitioner prays that a mandate issue to respondents, directing them to readvertise and again offer for sale said tide lands. A general demurrer is made by respondents to the petition.

The question at issue arises upon the construction of § 15 of Laws of 1897, p. 229, "Relating to Public Lands of the State," which is as follows:

"That the member of the said board of appraisers, or the county auditor conducting the sale, shall, upon making sale of any school land, or stone, mineral or timber thereon, report such sale to the said board of appraisers, as provided in this act, together with other information touching the same as the said board shall have prescribed, and within thirty days from the date of the reception of such report,

if no affidavit showing that the interests of the state in such sale were injuriously affected by fraud or collusion shall have been filed with said board, and if it shall appear from such report that the sale was fairly conducted, and that the purchaser was the highest bidder at such sale, and that his bid was not less than the appraised value of the property sold, and if the said board shall be satisfied that the land sold would not, upon being readvertised and sold, sell for at least twenty-five per cent. more than the price at which it shall have been sold, and that the payment required by law to be made at the time of making sale has been made, the said board shall confirm the sale, and thereupon the chairman of the said board shall issue to the purchaser a contract of sale, as in this act hereinafter provided."

The language found in this section, "if the said board shall be satisfied that the land sold would not, upon being readvertised and sold, sell for at least twenty-five per cent. more than the price at which it shall have been sold," seems to vest in the board the discretion to order a new sale. The writ of mandamus can only issue to compel the board to perform a plain duty which is ministerial, and cannot control the exercise of discretion. Whatever right may exist to review an arbitrary exercise or abuse of discretion, such remedy cannot be invoked in mandamus.

The writ is denied.

FULLERTON, ANDERS, DUNBAR and MOUNT, JJ., concur.