[No. 4747.   Decided February 2, 1905.]

McNAUGHT-COLLINS IMPROVEMENT COMPANY, *Appellant,*

v. ATLANTIC & PACIFIC PILE & TIMBER PRE-

SERVING COMPANY, *et al., Respondents.*[1]

TIDE LANDS—PREFERENCE RIGHT TO LEASE—STATE LAND COMMIS-
SIONERS—ORDER OF SALE—APPEAL—TIME FOR AND BY WHOM TAK-
EN.  Where the owner of tide lands loses his preference right
to lease abutting harbor area by failing to apply in time, he can
not appeal from the state land commissioners' order of sale of
such right to a third party, when he was a stranger to the pro-
ceedings; and such an appeal could not be taken more than
thirty days after the order of sale.

SAME—ORDER CONFIRMING SALE—RE-SALE—GROUNDS FOR—DIS-
CRETION OF BOARD.  The board of state land commissioners acts
in an executive and discretionary manner in confirming a sale of
the right to lease harbor area, and the denial of a re-sale is not
appealable where the affidavit therefor does not charge that the
interests of the state are injuriously affected by fraud or collu-
sion.

Appeal from a judgment of the superior court for King
count, Tallman, J., entered February 25, 1903, dismiss-
ing an appeal from an order of the state board of land
commissioners, confirming a sale.  Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Mackinnon & Foley, Embree & Cole,* and *George B.
Cole,* for respondents.

·HADLEY, J.—This is an appeal from a judgment of the
superior court, dismissing an appeal from the board of
state land commissioners.  The statute of 1901 provided
that any owner, under deed or contract, of tide or shore
land abutting on harbor area, should have, until the 1st
day of July, 1902, a preference right to apply for, obtain,
and receive a lease of the right to build and maintain

[1]Reported in 79 Pac. 484.

wharves, docks, or other structures, upon that portion of the harbor area lying in front of said tide lands. Laws 1901, ch. 138, p. 294. No application for lease of the harbor area was filed by appellant prior to said July 1, 1902; but on July 21st certain exhibits, mentioned by appellant as "part of the application for harbor area lease in front of block 404, Seattle tide lands," were forwarded to the state land commissioner's office.

Meantime, on July 5th, the respondent Mackinnon filed an application to lease said area, and on July 15th the board of state land commissioners made an order directing public sale of the right to lease the same, said sale to take place August 30th. Notice of the sale was duly posted and published, and on said date the right to lease was, at public auction, sold to respondent Mackinnon. The sale was approved by the board of land commissioners October 20th. On September 26th the appellant made application for a re-sale of the right to lease said harbor area, and offered to pay in excess of twenty-five per cent more than the price at which the same was sold to respondent Mackinnon. Said application was denied October 30th. On November 29th appellant appealed to the superior court. The notice of appeal specifies, as that from which the appeal was taken, the following: (1) Order directing public lease or sale; (2) order confirming public sale; (3) order denying petition of appellant for a re-sale.

It will be seen, from the foregoing statement, that appellant lost its preference right, if it ever had such right, by not filing an application to purchase within the time limited by law. After the expiration of that time, the respondent Mackinnon applied for the sale of the right to lease, and the same was regularly sold to him,

at public auction, after due notice. It seems manifest that appellant had no standing to appeal from the order directing the sale of the right to lease. It was at that time an entire stranger to the record before the board of land commissioners, either as an applicant to purchase or. otherwise. Its property rights or interests were not affected so as to give it the right of appeal under the terms of § 1, ch. 62, Laws 1901, p. 98, for the reason that it had lost the preference right to purchase. Moreover, more than thirty days had elapsed from the time the order directing sale was made before the appeal was taken. The time to appeal had therefore expired under § 2 of the above mentioned chapter, even if the right had ever existed.

The attempted appeal from the order confirming the sale was also too late. The sale was confirmed October 20th, and the appeal notice was filed November 29th. An additional question may be said to be involved in the attempted appeal from the order of confirmation, for the reason that, before that order was made, appellant had applied for a re-sale, and had offered a sum in excess of the selling price, as above stated. The discussion of this subject is, however, involved with another branch of the attempted appeal which we shall hereinafter discuss.

The attempt was, also, made to appeal from the order denying appellant's petition for a re-sale of the right to lease. In *State ex rel. White v. Board of State Land Commissioners,* 23 Wash. 700, 63 Pac. 532, it was held that, in leasing harbor areas, the commissioners exercise executive or administrative functions only; and in *State ex rel. Bussell v. Bridges,* 30 Wash. 268, 70 Pac. 506, it was held that the statute, § 15, p. 240, Laws 1897, with reference to re-advertising and re-sale, vests in the board

the discretion to order a re-sale. The statute seems to contemplate that a re-sale shall be made, if, by affidavit, it is shown that the interests of the state in the sale have been injuriously affected by fraud or collusion, or that the sale may not have been fairly conducted. No such affidavit was filed here. The application for re-sale makes no such charges, and is not even verified. Under such circumstances, the matter of re-sale was executive and discretionary, and the refusal of the board to re-sell is not appealable.

The superior court did not err in dismissing the appeal, and the judgment is affirmed.

MOUNT, C. J., and FULLERTON and DUNBAR, JJ., concur.