[No. 5948. Decided March 22, 1906.]

THE STATE OF WASHINGTON, *on the Relation of E. J. White et al., Appellant,* v. POINT ROBERTS REEF FISH COMPANY *et al., Respondents.*[1]

QUO WARRANTO—TO CORPORATIONS—JURISDICTION—PARTIES—PRIVATE CITIZENS AS RELATORS—INTEREST. The courts have no jurisdiction of a proceeding in the nature of a *quo warranto* to enjoin the wrongful acts of corporations, prosecuted on the relation of private citizens, on the refusal of the prosecuting attorney to institute such proceeding on his own relation, where it is not alleged that the relators claim any interest in the office, franchise or corporation which is the subject of the information, as required by Bal. Code, § 703, their remedy being by motion to compel the prosecuting attorney to act, and by appeal from an order thereon.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered April 24, 1905, dismissing a proceeding in quo warranto, upon sustaining a demurrer to the information. Affirmed.

*Dudley G. Wooten* and *James B. Reavis,* for appellant.

*Kerr & McCord,* for respondents.

PER CURIAM.—This was an action in the nature of a *quo warranto* proceeding, brought in the name of the state, to enjoin the corporate acts of the defendant companies, and to declare void their charters and all fish licenses and locations claimed by them, or by any one holding by or under them, for various unlawful and wrongful acts and omissions complained of, which, with the view we take of the law, it is not necessary to particularly specify here. In addition to the various allegations aforesaid, which included the allegation that the defendants had fraudulently possessed themselves of more fishing locations than they were entitled to under the law, to the detriment of the relators, who had taken out fishing licenses, it was alleged, that on or about the 17th day

1Reported in 85 Pac. 22.

of November, 1904, the relators, through their attorneys, presented the facts which are set out in the information to the prosecuting attorney of Whatcom county, Washington, wherein the principal office of the aforesaid defendant companies purported to be located; and likewise presented to him an information in the nature of a *quo warranto* in the name of the state of Washington, on relation of said prosecuting attorney, against the above named defendants, seeking substantially the same relief upon the part of the state through its said public officer that is now and here sought by the said relators on their own relation, and that the said prosecuting attorney was requested to file and prosecute the said information in the name of the state; that thereupon the said prosecuting attorney duly signed, verified and filed said information; that the same was presented to the court, and an order was entered setting down for hearing the prayer for temporary injunction contained in said information; that thereafter, in the absence of the attorneys for the relators, who were associate counsel in said action, and without intimation or notice to them or any knowledge on their part, and without notice to the relators or to any person similarly situated, the said prosecuting attorney, on November 22, 1904, filed in the court a written motion dismissing said information and action without assigning any reason or ground therefor, and said cause was by order of the court dismissed; that thereafter the attorneys for the relators appeared, in accordance with the previous order of the court above mentioned, on Tuesday, November 29, 1904, for the purpose of attending the hearing set by the court theretofore, and to present to the court facts and authorities in support of the prayer for temporary injunction contained in the said information filed by the said prosecuting attorney, and then and there, for the first time, became advised of the nature and extent of the said prosecuting attorney's action in dismissing and disposing of said cause, and presented to the court a motion, supported by affidavits, setting forth the facts hereinbefore re-

ferred to, and praying the court that the said relators be permitted, in their own right and upon their own relation, to prosecute the said information in the name and by the authority of the state of Washington, for their own relief and protection, and the relief and protection of all other persons belonging to their class, and who were similarly situated and interested; that the prosecuting attorney protested against and resisted said motion and the relief therein prayed for, and that the court declined to grant the motion of relators' attorneys.

Certain portions of the complaint were striken on motion of the defendants' attorneys, and a demurrer was then interposed to the information, which was sustained by the court. The demurrer was to the effect that the court had no jurisdiction either of the defendants or of the subject-matter of the action; that the plaintiffs had no legal capacity to sue; that there was a defect of parties plaintiff; that the complaint did not state facts sufficient to constitute a cause of action; that there was a defect of parties defendant. The record is silent as to what ground the demurrer was sustained upon. It was presumably upon the ground that the court had no jurisdiction for the reason that the action was not brought by the prosecuting attorney.

We will not enter into a discussion of the many questions raised in the respective briefs of counsel, for the reason that no interest is alleged by the relators in the franchises or corporation which is the subject of the information, and the action for the revoking of the franchises of the corporation should have been brought on the relation of the prosecuting attorney. This court has decided this question in the case of *Mills v. State ex rel. Smith,* 2 Wash. 566, 27 Pac. 560, where it was held that the legislature had looked out for the interest of the public by providing that the information should be filed by the prosecuting attorney, and that the private interests were provided for in the latter part of § 703, Bal. Code, in the clause, "or by any other person, on his own rela-

tion, whenever he claims an interest in the office, franchise or corporation which is the subject of the information." We also held in *State ex rel. Attorney General v. Seattle Gas etc. Co.*, 28 Wash. 488, 68 Pac. 946, 70 Pac. 114, that informations of this kind should be brought by the prosecuting attorneys of the different counties. Section 5781, Bal. Code, provides that the information may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority. It must not be understood that it is within the power of the prosecuting attorney of any county to capriciously or fraudulently prevent the state or its citizens from compelling corporations to obey the laws, or to deprive the state or its citizens of a judicial investigation of alleged violations of the law on the part of the corporations. But instead of proceeding upon their own relation, as the appellants did in this case, they had a right to ask the court to direct the prosecuting attorney to proceed with the case upon the showing made in their complaint, and if the court refused to do this, an appeal would lie to this court and the question of the sufficiency of the complaint would be determined on such appeal. But as there is no provision of the law for the procedure suggested by the appellants, the judgment of the court in sustaining a demurrer to the complaint must be affirmed.