[No. 6604.   Decided September 6, 1907.]

W. W. POWERS, *Appellant*, v. EDWARD E. WEBSTER *et al.*, *Respondents*.[1]

PUBLIC LANDS—CANCELLATION OF DEED—PARTIES.   An action to cancel a deed of state lands cannot be maintained by a person who has no interest in the property, as the state is a necessary party plaintiff where the land reverts to the state.

SAME—INTEREST OF PRIVATE CITIZEN.   A private citizen, who was fraudulently prevented by state officers from bidding at a sale of state lands, has no such interest in the lands as to entitle him to maintain a suit to cancel the deed from the state, as he could not require it to be resold.

SAME—TAXPAYER.   A taxpayer cannot maintain a suit to cancel a deed fraudulently made by state officers, as he suffers no injury different from that suffered by the public at large.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 10, 1906, dismissing an action to set aside and cancel a deed of state lands, upon sustaining a demurrer to the complaint.   Affirmed.

*Million & Houser*, for appellant.
*The Attorney General*, for respondents Ross and Atkinson.
*Shank & Smith*, for respondents Webster.
*McBride, Stratton & Dalton*, for respondents Croft.

MOUNT, J.—The appellant brought this action to set aside a sale of school lands, to cancel a deed therefor, executed by the state to respondent Croft, and to compel the respondent Ross, the state land commissioner, to re-offer the land for sale. The lower court sustained a demurrer to the amended complaint, upon the grounds that the court had no jurisdiction, plaintiff had no legal capacity to sue, there is a defect of parties, and that the complaint fails to state facts sufficient

[1]Reported in 91 Pac. 569.

to constitute a cause of action. The plaintiff refused to plead further, and the action was dismissed.

The complaint alleges, in substance, that the state has been, and now is, the owner of the school land in question, being ten acres situate in King county; that prior to June, 1906, Joseph I. Croft was in possession of the land under a lease, and had a sawmill thereon of the value of $1,000 and no more; that on June 1, 1906, said Croft applied to the state board of land commissioners for appraisement and sale of the lands, and thereafter the land was appraised at $350 per acre, and ordered sold; that thereafter certain of the defendants and E. W. Ross, land commissioner, entered into a conspiracy to obtain said land at less than its real value; that in pursuance of that conspiracy, said Ross caused the appraisement to be reduced to $100 per acre, and fraudulently caused the sawmill thereon to be appraised at $5,453.34; that said land at said time was worth $1,000 per acre, exclusive of the improvements; that on June 30, 1906, at the time and place where the sale was fixed, the plaintiff and certain of the defendants appeared and the land was offered for sale by the deputy auditor of King county where the land was located; whereupon Joseph I. Croft bid the sum of $6,453.34, the amount of the appraised value as reduced as aforesaid; that thereupon the respondent Raymond made a bid of $14,453.34, and there being no other bids, the land was struck off to said Raymond; that said Raymond fraudulently refused to make payments upon his bid, and thereafter the said Ross fraudulently and unlawfully reported the sale of said land to said Joseph I. Croft, for the sum of $1,000, and induced the governor and secretary of state to issue a patent for said land to said Croft; that said bid of said Raymond was a fraudulent bid for the purpose of preventing the plaintiff from bidding at said sale; that said Ross knew that the interests of the state had been injuriously affected by fraud and collusion, and that said Croft was not the highest bidder at said sale; that the defendants knew that plaintiff was desirous of bidding on said

property at said sale, and was present with $10,000 to bid for said land, but was prevented from bidding by the conduct of said Raymond, who was in collusion with the other respondents; that appellant had no knowledge of the conspiracy or fraudulent acts of respondents, and therefore filed no affidavit with the commissioner of lands setting forth fraud or asking for a resale; that if said land is offered for resale, plaintiff will bid $10,000 therefor; that plaintiff has demanded of the attorney general that he bring an action to set aside said sale, but the attorney general refuses to do so; that plaintiff is a resident and taxpayer of King county, and will suffer irreparable injury if defendants are permitted to retain said land, and brings this action as a taxpayer and as an intending buyer and on behalf of others similarly situated.

The trial court properly sustained the demurrers. The first object of the action is to set aside the deed from the state to respondent Croft. If the deed of the state is set aside the property reverts to the state. Therefore the state is a necessary party to such an action. The action cannot be maintained at the suit of a private person who has no interest in the property. *St. Louis Smelting Co. v. Kemp*, 104 U. S. 636, 26 L. Ed. 875; *Welsh v. Callvert*, 34 Wash. 250, 75 Pac. 871; *Horsky v. Moran*, 21 Mont. 345, 53 Pac. 1064; *Tacoma v. Bridges*, 25 Wash. 221, 65 Pac. 186; *State ex rel. Shores v. Ross*, 44 Wash. 246, 87 Pac. 262.

In the case of *St. Louis Smelting Co. v. Kemp, supra*, the court said:

"If in issuing a patent its officers took mistaken views of the law, or drew erroneous conclusions from the evidence, or acted from imperfect views of their duty, or even from corrupt motives, a court of law can afford no remedy to a party alleging that he is thereby aggrieved. He must resort to a court of equity for relief, and even there his complaint cannot be heard unless he connect himself with the original source of title, so as to be able to aver that his rights are injuriously affected by the existence of the patent; and he must possess

such equities as will control the legal title in the patentee's hands. *Boggs v. Merced Mining Co.*, 14 Cal. 279, 363. It does not lie in the mouth of a stranger to the title to complain of the act of the government with respect to it. If the government is dissatisfied it can, on its own account, authorize proceedings to vacate the patent or limit its operation."

If the patent may be avoided for fraud, the appellant has no interest in the land except as a citizen of the state. When the deed of the state is set aside the land reverts to the state. The appellant cannot even require the land to be resold, because the power of resale rests in the discretion of the board of state land commissioners. *State ex rel. Bussell v. Bridges*, 30 Wash. 268, 70 Pac. 506; *State ex rel. Pelton v. Ross*, 39 Wash. 399, 81 Pac. 865. Nor can appellant maintain the action as a citizen and taxpayer. *Jones v. Reed*, 3 Wash. 57, 27 Pac. 1067; *Birmingham v. Cheetham*, 19 Wash. 657, 54 Pac. 37; *Tacoma v. Bridges, supra; State ex rel. White v. Point Roberts Reef Fish Co.*, 42 Wash. 409, 85 Pac. 22; *State ex rel. Shores v. Ross, supra.*

In the case of *Tacoma v. Bridges, supra,* this court said:

"Whatever may be the rule elsewhere, it is the rule in this state that a taxpayer and citizen suing in a private capacity cannot maintain a suit to enjoin a state officer from committing a breach of his public duty, without showing that he would suffer an injury thereby differing in kind from that suffered by the public at large."

And in *State ex rel. Shores v. Ross, supra,* we said:

"If the deed to these tide lands had been delivered after the respondent was reliably informed that the application and bidding were fraudulent, to the detriment of the state, it would be the duty of the respondent (commissioner of public lands) or of some official of the state to immediately cause an action to be brought to cancel said deed, and to recover the property, title to which was thus fraudulently acquired."

See, also, 26 Am. & Eng. Ency. Law (2d ed.), pp. 395-6-7.

The complaint, having shown that the appellant has no special interest in the lands, and not being authorized to main-

tain the action as a taxpayer, fails to state a cause of action. The judgment is therefore affirmed.

HADLEY, C. J., CROW, ROOT, RUDKIN, and DUNBAR, JJ., concur.