[No. 20078. *En Banc.* September 21, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Maud Van Brocklyn, Plaintiff,* v. CLARK V. SAVIDGE, *as Commissioner of Public Lands, Respondent.*[1]

[1] MANDAMUS (70, 89)—JURISDICTION—SCOPE OF INQUIRY AND POWERS OF COURT. The supreme court will not assume original jurisdiction to compel the commissioner of public lands to issue a lease for mining and extraction of gas, where the validity and constitutionality of a statute is not involved, and the superior court can give complete relief.

Application filed in the supreme court June 25, 1926, for a writ of mandamus to compel the commissioner of public lands to issue to relators a lease of state lands. Denied.

*Frank E. Boyle,* for relator.

*The Attorney General* and *L. B. Donley, Assistant,* for respondent.

¹Reported in 249 Pac. 996.

MAIN, J.—This is an original application in this court for a writ of mandamus to compel the state land commissioner to issue the relator a lease for the extraction of petroleum and natural gas from state lands. In *State ex rel. Goodwin v. Savidge,* 133 Wash. 532, 234 Pac. 1, an application exactly like this was denied. It was there said:

"The *Attorney General,* appearing upon behalf of respondent, has demurred upon the ground that the application should have been filed in the superior court in the first instance, relying upon *State ex rel. Ottesen v. Clausen,* 124 Wash. 389, 214 Pac. 635. We think this contention should be sustained. This court has heretofore taken jurisdiction of many cases of this character, but such jurisdiction is not exclusive, and it seems to be the better practice that such cases should first be presented to the superior court, and if the parties are not satisfied with the decision, then appeal may be had to this court."

That case does not differ from this in any respect, except that the parties there were different and the land was not the same. The question in the two cases is the same.

The writ will be denied.

TOLMAN, C. J., MITCHELL, HOLCOMB, ASKREN, PARKER, and BRIDGES, JJ., concur.