**O'BRIEN v. CARNEY et al.**
No. 3975.

District Court, D. Massachusetts.
April 25, 1934.

Hermanson & Silverman and Philip Philbin, all of Boston, Mass., for plaintiff.

John T. McMorrow, of Boston, Mass., for defendant J. P. O'Connell Co.

Francis J. W. Ford, U. S. Atty., John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., for defendants Carney, Philbrook, Fitzgerald and Morse.

BREWSTER, District Judge.

This is a motion to dismiss a bill of complaint brought against several respondents charged with the duty of administering the Federal Emergency Relief Administration and the J. P. O'Connell Company, a corporation.

The motion to dismiss being in the nature of a demurrer, the right of the complainant to the relief prayed for must appear from the allegations of facts set forth in the bill of complaint.

It is alleged that the respondents connected with the Federal Emergency Relief Administration succeeded to the powers and liabilities of the State Civil Works Administration; that they are duly qualified officials of the United States government in the said FERA, which is a duly constituted instrumentality of the government of the United States for the relief of unemployment and distress; that these respondents advertised for bids for 5,200 yards of mixed concrete to be delivered to the work in Cambridge, Mass.; that the complainant submitted the lowest bid; that he was capable of completing and performing his contract; that after unnecessary delay the complainant's bid was rejected and the bid of the respondent O'Connell Company accepted; that the complainant has duly demanded of the respondents that the contract be awarded to him, which demand has been refused; that the respondent O'Connell Company is ready to deliver said concrete and, if it is allowed to do so, the complainant will suffer irreparable damage "to his rights as a citizen and taxpayer."

From the copy of the invitation for bids annexed to the bill of complaint, it appears that the government reserved the right "to reject any and all bids."

The complainant prays for injunctive relief restraining the respondents from taking any action whatever in furtherance or fulfillment of the contract awarded to the O'Connell Company.

There is also a prayer for injunctive relief against the superintendent of streets of Cambridge who is not made a party to the bill. This prayer, of course, must be denied.

██ We are met at the threshold of this controversy with the question whether the complainant has any standing to ask a court of equity to interfere with the performance of a contract between the FERA and the O'Connell Company, assuming that the contract was improperly awarded. His status as a taxpayer or citizen gives him no right to the relief which he seeks. The doctrine which sometimes allows a taxpayer to enjoin the wrongful expenditure of money by a municipality has no application in suits to enjoin agencies of a state or federal government. Pomeroy, Equity Jurisdiction (1905) page 580; Jones v. Reed, 3 Wash. 57, 27 P. 1067; Hutchinson v. Skinner, 21 Misc. 729, 49 N. Y. S. 360; Gibbs v. Green, 54 Miss. 592; Tacoma v. Bridges, 25 Wash. 221, 65 P. 186; Board of Commissioners of Barber County v. Smith, 48 Kan. 331, 29 P. 565.

█ If there has been a breach of a public duty by a state officer, a taxpayer has no standing to enjoin the officer without showing that he will suffer peculiar injury not suffered by the public at large. Tacoma v. Bridges, supra; Board of Commissioners of Barber County v. Smith, supra.

The same rule must a fortiori apply to federal officers.

█ The next question is whether the lowest unsuccessful bidder has any such rights as will entitle him to prevent the execution of the contract, conceding it was not awarded in accordance with law. There was no contractual relation between the complainant and the administration because his offer had never been accepted. If the complainant can assert any rights to the award which this court can recognize, they, I take it, must spring from some federal statute. I do not find any statute which in express terms confers any such right upon a low bidder whose bid has been rejected. Rev. St. § 3709, 41 U. S. C. § 5 (41 USCA § 5), requires that purchases and contracts for supplies in any department of government shall be made by due advertising for proposals except when the public exigencies require immediate delivery. It must follow as a necessary corollary that this act imposes a duty upon the department to accept the proposal most advantageous to the government; otherwise the statute would be meaningless. It has been so held. Scott v. United States, 44 Ct. Cl. 524. It should be observed, however, that according to the Scott Case the duty is to accept the lowest responsible bid. This result is also both necessary and logical. It would not be to the advantage of the government to compel the acceptance of a low bid proposed by one who was unable to perform. Rev. St. § 3709 (41 USCA § 5) was enacted for the benefit of the United States and not for the bidder. American Smelting & Refining Co. v. United States, 259 U. S. 75, 42 S. Ct. 420, 66 L. Ed. 833; United States v. New York & Porto Rico Steamship Co., 239 U. S. 88, 36 S. Ct. 41, 60 L. Ed. 161; Colorado Paving Co. v. Murphy (C. C. A.) 78 F. 28, 31, 37 L. R. A. 630.

The last-cited case denies to an unsuccessful bidder, even though submitting the lowest bid, any rights to equitable relief. In the opinion it is stated:

"It is now settled by the great weight of authority that the lowest bidder cannot compel the issue of a writ of mandamus to force the officers of a municipality to enter into a contract with him. * * * And the courts hold that he cannot maintain an action at law for damages for their refusal to enter into the contract. * * * This principle is as fatal to a suit in equity as to an action at law. It goes not to defeat any particular cause of action, but to defeat the right to any relief."

█ The necessity of selecting a responsible bidder imports into the ministerial act an element of discretion to determine whether the lowest bidder is qualified to carry out his contract. I agree with the suggestion of the United States attorney that the "term 'responsible' means something more than pecuniary ability; it includes also judgment, skill, ability, capacity and integrity." Williams v. Topeka, 85 Kan. 857, 118 P. 864, 38 L. R. A. (N. S.) 672, Ann. Cas. 1913A, 497; 36 Cyc. 875, 876.

█ The exercise of this discretion is not subject to review by the judicial branch of the government. In State of Mississippi v. Johnson, 4 Wall. 475, 498, 18 L. Ed. 437, Chief Justice Chase observes that "a ministerial duty, the performance of which may, in proper cases, be required of the head of a department, by judicial process, is one in respect to which nothing is left to discretion." This doctrine has been recognized in other cases. Decatur, Ill. C. R. Co. v. Pauld-

ing, 14 Pet. 497, 10 L. Ed. 559, 609; Louisiana v. Jumel, 107 U. S. 711, 2 S. Ct. 128, 27 L. Ed. 448; Cunningham v. Macon, etc., Co., 109 U. S. 446, 3 S. Ct. 292, 609, 27 L. Ed. 992; United States v. Black, Com'r, 128 U. S. 40, 9 S. Ct. 12, 32 L. Ed. 354; Plested v. Abbey, 228 U. S. 51, 33 S. Ct. 503, 57 L. Ed. 724; Louisiana v. McAdoo, 234 U. S. 627, 34 S. Ct. 938, 58 L. Ed. 1506; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074.

Roberts, Treas., v. United States, 176 U. S. 221, 20 S. Ct. 376, 44 L. Ed. 443, and Smith v. Jackson, 246 U. S. 388, 38 S. Ct. 353, 62 L. Ed. 788, cited by the complainant, were cases where the court found that the ministerial act involved was one involving no discretion in the administrative officer.

The complainant lays stress upon the language found in a Manual of Financial Procedure, issued by the administrator of the Federal Civil Works Administration. In this Manual (section VI, page 11, item 20) it is properly noted that the law creating the FERA makes no exception to the requirements of law and regulations governing purchase of supplies and services for government developments generally and then quotes from Rev. St. § 3709 (41 USCA § 5) which requires all purchases except in cases of emergency to be made after advertising.

In item 23, page 14, of the same section, administrative agents are instructed to accept the lowest bid on a product which meets the specifications outlined in the proposal or invitation for bids. This item, however, presupposes that the necessity may sometimes arise for rejecting the lowest bid, since it prescribes a method of procedure to be adopted in that event.

The act creating the FERA (15 USCA §§ 721–728) did not confer in express terms any authority upon the administrator to issue regulations which would have the force of law. Whether the administrator is the head of a department so as to come within the scope of 5 U. S. C. 22 (5 USCA § 22), which authorizes department heads to prescribe regulations, is a matter of serious doubt, but even if we should give the instructions promulgated by him the force of lawful regulations, the ministerial acts required under them would still be those in respect to which something is left to the discretion of the officers.

There are cases to be found in the reports where the courts have afforded equitable relief when a public officer has arbitrarily and willfully refused to perform his plain duty as such officer, but I have not met any case where the complaint related to the failure of an administrative officer to award a contract for the purchase of materials.

In passing upon the motion, I can only consider facts properly pleaded, and nothing is gained by the characterization of the acts of the respondents or their failure to act.

My conclusion is that on the authorities these ministerial acts of the respondents are not subject to judicial review, and this court is powerless to afford relief. Williams v. Topeka, supra.

The motion to dismiss the bill of complaint is allowed and the bill is dismissed.

O'Brien also filed a petition for a writ of mandamus. Counsel conceded that the court was without jurisdiction to issue the writ unless in aid of the bill of complaint. Inasmuch as the bill of complaint is dismissed, it would follow that the petition for writ is to be denied.