[No. 27912. Department One. February 1, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Oscar Taylor, Plaintiff, v.* JAMES T. LAWLER *et al., as Judges of the Superior Court for King County, Respondents.*[1]

*Little, Burgunder & Smith,* for relator.

*B. Gray Warner* and *Lloyd W. Shorett,* for respondents.

ROBINSON, J.—Upon the application of the relator, this court, on December 30, 1939, issued an order di-

[1]Reported in 98 P. (2d) 658.

recting the judges of the superior court of King county to appear before it on January 19, 1940, and show cause why the court should not issue a peremptory writ of mandate, commanding each of them to forthwith appoint an official reporter for his particular department. The respondents appeared and demurred to the application, and, without waiving the demurrer, made answer. Briefs were filed by the parties, argument was heard on the return day, and the matter is now ready for decision.

By chapter 126, Laws of 1913, p. 386, the legislature provided for the appointment of official court reporters in the state of Washington. Section 13, p. 390, read as follows: "This act shall not apply to any county having a population of two hundred thousand, or over."

By chapter 66, Laws of 1919, p. 133, that section was amended by substituting the words "two hundred and eighty thousand" for "two hundred thousand," and § 9, p. 389, was also amended. Section 1, p. 386, was amended by chapter 42, Laws of 1921, p. 147. The act, as thus amended, appears in Rem. Rev. Stat. as §§ 42-1 to 42-13 [P. C. §§ 8595 to 8607], inclusive.

By chapter 178, Laws of 1939, p. 545, the legislature repealed § 13. Thus, a five-page act, drafted and designed to meet the specific needs of small counties, having in most cases but one or two superior court judges, was extended, without any substantial change in its provisions, to King county, which has fifteen judges, among whom the judicial work is so divided and specialized that several have little or no need of a stenographer. The King county judges, acting as a body, appointed eight regular reporters and three *pro tem* reporters. Subsequently, still acting jointly, they appointed fifteen reporters, all of whom, it appears, work only part time.

It is the contention of the relator that chapter 126,

Laws of 1913, as amended, requires the respondents, and each of them, to appoint "an official court reporter for his particular department," and the prayer is that this court issue a peremptory writ of mandate commanding each of them to do so.

We do not find it necessary to construe the act or enter into a discussion of the merits, for, in our opinion, the respondents have successfully challenged the relator's capacity to maintain the action. In his application, the relator alleged that he is a resident of Seattle, King county, Washington, an elector and taxpayer therein, and a skilled and qualified court reporter. Later, he set up, by amendment, that one of the respondent judges has promised to appoint him, if it is decided, as he contends, that the appointments can only lawfully be made by the judges individually.

The jurisdiction given to this court by the state constitution in Art. IV, § 4, to issue writs of mandamus to state officers, does not authorize it to assume general control or direction of official acts. At the suit of an individual, it can only command a state officer to do thus and so, if such action be necessary to vindicate or protect some private right of the relator. *Tacoma v. Bridges*, 25 Wash. 221, 65 Pac. 186; *Powers v. Webster*, 47 Wash. 99, 91 Pac. 569; *State ex rel. Pacific American Fisheries v. Darwin*, 81 Wash. 1, 142 Pac. 441; *State ex rel. Clithero v. Showalter*, 159 Wash. 519, 293 Pac. 1000.

And even in such a case, the court will generally refuse to exercise original jurisdiction. *State ex rel. Ottesen v. Clausen*, 124 Wash. 389, 214 Pac. 635; *State ex rel. Goodwin v. Savidge*, 133 Wash. 532, 234 Pac. 1; *State ex rel. Van Brocklyn v. Savidge*, 140 Wash. 361, 249 Pac. 996.

In the instant matter, the relator alleges no private or pecuniary interest, merely that he is qualified for appointment and has been promised an appointment if

the respondents are required to appoint individually. But such a promise is clearly legally unenforceable, and cannot be said to establish a tangible, or even an inchoate, right. Approaching the question in another way, let it be supposed that the writ issue and the fifteen reporters hitherto appointed be displaced. What right of the relator would be protected or vindicated, or in what respect would he be advantaged by the issuance of the writ? It would not insure his appointment as a court reporter. At the very most, it could do no more than render his appointment possible.

The demurrer interposed by respondents is sustained, and the cause dismissed.

BLAKE, C. J., MILLARD, JEFFERS, and SIMPSON, JJ., concur.