[No. 1123.   Decided November 8, 1893.]

*In the Matter of the Application of* CHARLES W. GRAHAM *for a Writ of Habeas Corpus.*

HABEAS CORPUS — JURISDICTION OF SUPREME COURT.

The supreme court will not take original jurisdiction of an application for a writ of *habeas corpus* after the denial of the writ in the same matter by a superior court. (ANDERS and STILES, JJ., dissent.)

*Original Application for Habeas Corpus.*

*Winsor, Bush & Morris,* for petitioner.

The opinion of the court was delivered by

. DUNBAR, C. J.—It appears that a petition had been presented to one of the judges of the superior court of King

county and had been refused, whereupon application has been made to this court.

While it is true that the constitution invested the supreme court with original jurisdiction in *habeas corpus*, (art. 4, §4), it does not follow that it must take original jurisdiction in cases that have been commenced in the superior court or before a judge thereof. It is true that this is a writ of high personal privilege and involves personal liberty; a right which the law most jealously guards; but a citizen's right to liberty is involved in many cases. This question, like all other questions involving his right to liberty, he has a right to have adjudicated by a competent tribunal; and that adjudication, like any other, is presumed to be right until the contrary is made to appear on appeal. It is an adjudication by a competent tribunal; not an adjudication by *every* competent tribunal to which the petitioner is entitled. It does not seem to us that it accords with the orderly administration of the law to allow this application to be made to every superior judge and every justice of the supreme court in the state; which would be the practical result in many instances of sustaining petitioner's contention. This, we believe, is not the object of the law.

The object in giving every judge in the state original jurisdiction, no doubt, was to place the remedy within easy reach of the applicant, and insure him speedy relief when he was entitled to such; and not to give him a multiplicity of trials. It is true that in some of the states the practice is different; but such practice does not commend itself to our judgment, and we cannot follow it. When one trial has been accorded the petitioner he has secured all the rights which the law has guarantied him.

The petition will, therefore, be denied.

SCOTT and HOYT, JJ., concur.

ANDERS and STILES, JJ., dissent.