[No. 17826.    Department One.    April 20, 1923.]

THE STATE OF WASHINGTON, *on the Relation of John Ottesen, Plaintiff,* v. C. W. CLAUSEN *et al., Respondents.*[1]

MANDAMUS (70, 89)—JURISDICTION—SCOPE OF INQUIRY AND POWERS OF COURT—QUESTIONS OF FACT. The original jurisdiction of the Supreme court in mandamus, under Const., art. 4, § 4 and Rem. Comp. Stat., § 1, not being exclusive, the supreme court has power in its discretion to relegate the parties to the superior court, and will do so where the issues are issues of fact and the purpose is the enforcement of a private right, with no necessity for the assumption of original jurisdiction.

Application filed in the supreme court February 2, 1923, for a writ of mandamus to compel the director of public works and supervisor of highways to certify acceptance of work done under a highway contract, and to compel the state auditor to issue a warrant in payment thereof. Ordered that testimony be taken and findings made and reported.

*Preston, Thorgrimson & Turner,* for relator.

*The Attorney General* and *C. G. Jeffers, Assistant,* for respondents.

MITCHELL, J.—This is an original proceeding in mandamus to compel payment of the balance alleged to be due for the building of a section of a permanent highway in Kitsap county pursuant to § 6773 *et seq.,* Rem. Comp. Stat  The work was done under a contract duly entered into. In the application it is alleged that the contract has been fully performed, and that the work has been accepted and approved by the county engineer and the county commissioners, but that the director of public works and the supervisor of high-

[1]Reported in 214 Pac. 635.

ways arbitrarily refuse to certify to the state auditor that the work has been completed in accordance with the terms of the contract, hence this action to compel certification and issuance of a proper state warrant.

In response to an alternative writ, the respondents have answered, denying many of the material allegations of the complaint, and affirmatively alleging, in effect, that the work in material respects has not been completed according to the terms of the contract and in the manner required by the law, for which reason certificates necessary to authorize the issuance of a state warrant have been refused.

The relator relies on the cases of *State ex rel. Shores v. Ross,* 44 Wash. 246, 87 Pac. 262, and *State ex rel. Washington Paving Co. v. Clausen,* 90 Wash. 450, 156 Pac. 554, as sustaining the procedure by way of original application in this court. Without discussing those cases, we are of the opinion they are authority for relator's contention.

We are induced, however, to observe that the issues presented are issues of fact. The case does not involve the validity of any statute, nor in its character does it embrace any great public right. Nor does the exercise of original jurisdiction of the case in this court appear to be necessary or indispensable to prevent a failure of justice. While it is true that art. 4, § 4, of the state constitution and its statutory duplicate, § 1, Rem. Comp. Stat., confer original jurisdiction on this court in mandamus to all state officers, they do not provide that such jurisdiction shall be exclusive. Article 4, § 6, of the state constitution and its statutory duplicate, § 15, Rem. Comp. Stat., confer general original jurisdiction on the superior court, and out of an abundance of foresight and care provide for original jurisdiction in all cases and of all proceedings in which

jurisdiction shall not have been by law vested exclu-
sively in some other court. Thus the superior court is
established as the trial court of this state. It has the
facilities for the trial of cases that lead to conclusions
and judgments in those courts which are intended to
be, and, as a matter of fact, are, of great benefit to the
supreme court in all cases appealed. This condition
of the law clearly suggests the propriety and right of
this court, in the exercise of a sound discretion, to
relegate litigants to the superior court for the trial
of cases of the character of the present one where ques-
tions of fact are involved and the procedure has for
its purpose the enforcement of a private right. Such
we understand to be the generally accepted doctrine.
There is an abundance of authority cited to sustain the
rule found in 18 R. C. L., Mandamus, p. 101, § 15, as
follows:

"Though the state courts of last resort are given
original jurisdiction to issue writs of mandamus, and
under such a grant have in many instances exercised
such jurisdiction frequently without their jurisdiction
being questioned, it does not follow that such courts
whose principal function is to exercise appellate or
supervisory jurisdiction will assume original jurisdic-
tion in all cases in which their aid may be sought and
which otherwise may be a proper case for the use of
the remedy. And in this connection the established
rule seems to be that as original jurisdiction is con-
ferred in order that the court of highest authority in
the state should have the power to protect the rights,
interests, and franchises of the state, and the rights
and interests of the whole people, to enforce the per-
formance of high official duties affecting the public at
large, and, in emergency (of which the court itself is
to determine), to assume jurisdiction of cases affect-
ing local public interests, or private rights, where there
is no other adequate remedy, and the exercise of such
jurisdiction is necessary to prevent a failure of justice,

the court is vested with a sound legal discretion to determine for itself, as the question may arise, whether or not the case presented is of such a character as to call for the exercise of its original jurisdiction. And some courts say that original jurisdiction should not be assumed except in cases affecting the sovereignty of the state, its franchises, or prerogatives, or the liberties of its people, or in exceptional cases where a failure to take jurisdiction would amount to a denial of justice and only when the interest of the state at large is directly involved, and where such interest is the principal, and not a collateral, question.''

We make these observations for the purpose of giving notice that in future cases the rule will be kept in mind. In the present case, however, as it does not appear there is any reported decision of this court contrary to the rule of procedure followed, though apparently unquestioned, in the cases relied on by relator, it is ordered that the superior court of Kitsap county be and it is hereby authorized and directed to take evidence of the respective parties upon the issues of fact presented by their pleadings and to make a return of the evidence and the court's findings thereon to this court. Either party hereto may call the matter on for hearing before that court on ten days' notice in writing duly served on the other party.

MAIN, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.