[No. 17823.   Department One.   April 21, 1923.]

*In the Matter of the Application of* BERNA DEANE
EMCH *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS (11)—JURISDICTION—APPELLATE COURTS—DISCRE-
TION. Under Const., Art. 4, § 6, conferring jurisdiction upon the su-
perior court in habeas corpus proceedings, the supreme court may, in
its discretion, relegate an application for a writ to the superior
court, and will do so where it appears that the questions of law and
fact had already been presented to the superior court in a similar
petition, and the petition denied.

Application filed in the supreme court January 31,
1923, for a writ of habeas corpus.   Denied.

*John W. Whitham,* for petitioner.

*The Attorney General* and *M. H. Wight, Assistant,*
for respondent.

MACKINTOSH, J.—The petition shows that the appli-
cant was committed to the State School for Girls on
September 19, 1921, she at the time being of the age
of seventeen years, there to remain until she arrived
at the age of twenty-one.   The answer to the petition
discloses that questions of law and fact presented to
this court on this application for a writ of habeas
corpus had prior thereto been presented to the superior
court of King county in a similar petition for a writ
of habeas corpus, and that the petition had there been
denied.

While it is true that § 4, art. 4, of the state constitu-
tion gives this court original jurisdiction in habeas
corpus, this jurisdiction is not exclusive, for § 6 of the ·
same article gives the superior court the same jurisdic-
tion.   In view of this situation, this court is afforded
a discretion in regard to the matter and may, upon

[1]Reported in 214 Pac. 1043.

occasion, refrain from assuming jurisdiction and require that resort be made to the superior court. We find the supreme courts of states where similar constitutional provisions exist confining their assumption of jurisdiction to cases directly involving the interest of the state at large, or to cases of public interest, or to cases where it is necessary to take jurisdiction in order to afford an adequate remedy.

12 R. C. L., p. 1218, states the situation as follows:

"But even where the constitution gives the highest court of the state original jurisdiction in habeas corpus, it has frequently been held that some special reason must exist for invoking the powers or the parties will be relegated to a lower court for relief, and accordingly it has been held that appellate courts will not exercise this extraordinary jurisdiction where there is another effective remedy available."

See, also *Ex parte Lambert*, 36 S. W. (Tex. Cr.) 81.

The inexpediency of determining the controverted facts before the supreme court presents another reason for the exercise of this court's discretion in favor of the denial of the application in such cases. The principle which we have just announced is the same as that involved in the recent case of *State ex rel. Ottensen v. Clausen, ante* p. 389, 214 Pac. 635.

The record in this case disclosing that the petitioner has had an opportunity to present the matter to the superior court leads us to exercise our discretion against granting the writ. In *In re Graham*, 7 Wash. 237, 34 Pac. 931, a similar situation seems to have arisen, where the same action was taken by this court, although that case seems to go considerably farther in refusing the writ than was necessary there or we find necessary here.

The *ex parte* statement contained in the petition suggests a situation which, if in conformity with the facts,

may cause the authorities in charge of the State School for Girls, in whom is vested the power of parole or discharge, to favorably consider the application of the inmate, whose condition has changed since her original commitment.

Writ refused.

MAIN, C. J., BRIDGES, MITCHELL, and HOLCOMB, JJ., concur.