[No. 18339.  *En Banc.*  May 7, 1924.]

## *In the Matter of the Application of* PETER MILLER *for a Writ of Habeas Corpus.*[1]

CRIMINAL LAW (426)—APPEAL—REVIEW—WAIVER OF ERROR.  An objection that a conviction was by a jury that was improper because not empanelled within the time required by law is waived by not raising it on appeal.

JURY (56)—COMPETENCY—HUSBAND AND WIFE.  Error cannot be assigned on the fact that the jury contained a husband and wife.

HABEAS CORPUS (3)—NATURE OF RESTRAINT.  Release on habeas corpus cannot be sought by a prisoner claiming the illegality of cumulative sentences, where he has not yet served the sentence which he admits was legally imposed.

SAME (11)—JURISDICTION—APPELLATE COURTS—DISCRETION.  The supreme court will not grant a writ of habeas corpus except in cases involving interest of the state at large or of public interest, or where there is no other remedy; this being within the discretion of the court, in view of the concurrent jurisdiction of the superior courts.

SAME (8-1)—GROUNDS FOR RELIEF—CORRECTION OF ERROR—CRIMINAL SENTENCE.  Habeas corpus does not lie to review or correct error.

Application filed in the supreme court November 2, 1923, for a writ of habeas corpus.  Denied.

*Joseph M. Glasgow,* for plaintiff.

*The Attorney General* and *M. H. Wight, Assistant,* for defendant.

MAIN, C. J.—This is an application for a writ of habeas corpus to secure the release of Peter Miller from the state penitentiary.  The applicant has three sentences against him:  First, pronounced April 19, 1913, for a term of not less than twenty nor more than forty years for the crime of burglary committed on

¹Reported in 225 Pac. 429.

April 26, 1909; second, pronounced May 21, 1913, for a term not less than three nor more than fifteen years for the crime of perjury (this sentence to commence at the termination of the first sentence); and third, pronounced September 24, 1913, for a term not less than five nor more than fifteen years for the crime of burglary (this sentence to commence at the termination of the second sentence).

The applicant, whose first sentence was the result of having been found by a jury to be an habitual criminal under the act of 1903, ch. 86, § 3, p. 126, claims that the jury so finding was an improper one because not impaneled within the time required by the statute. This was a matter which he should have raised on his appeal, and not having done so he has waived the point. *State v. Alexander,* 65 Wash. 488, 118 Pac. 645; *State v. Miller,* 78 Wash. 268, 138 Pac. 896.

The other objection to this jury—that it contained a husband and wife—was considered and passed on adversely to the objection on the appeal. *State v. Miller, supra.*

The applicant claims that the cumulative sentences are illegal, not having been imposed within the provisions of Laws of 1909, ch. 249, § 33, p. 898; Rem. Comp. Stat., § 2285 [P. C. § 8720]; and also claims that the habitual criminal statute of 1903, ch. 86 (which was subsequently amended by Laws of 1909, ch. 249, § 34; Rem. Comp. Stat., § 2286) [P. C. § 8721], under which he was sentenced for a crime committed before the act of 1909 went into effect, is unconstitutional in that it is a denial of the equal protection of the law. These and other minor matters already adversely disposed of on the appeals of the applicant from his convictions cannot be considered in this action, for if they were all determined according to the applicant's contention,

still he would not be entitled to a writ of habeas corpus, for he has not yet served the sentence which he admits was legally imposed, and habeas corpus is a writ seeking *release* from confinement and is not a writ by which to review errors. Moreover, the writ will not be granted by this court except in cases involving the interests of the state at large or of public interest, or where it is necessary because of no other adequate remedy. We have said in *In re Emch,* 124 Wash. 401, 214 Pac. 1043:

"While it is true that § 4, art. 4, of the state constitution gives this court original jurisdiction in habeas corpus, this jurisdiction is not exclusive, for § 6 of the same article gives the superior court the same jurisdiction. In view of this situation, this court is afforded a discretion in regard to the matter and may, upon occasion, refrain from assuming jurisdiction and require that resort be made to the superior court. We find the supreme courts of states where similar constitutional provisions exist confining their assumption of jurisdiction to cases directly involving the interest of the state at large, or to cases of public interest, or to cases where it is necessary to take jurisdiction in order to afford an adequate remedy.

"12 R. C. L., p. 1218, states the situation as follows:

" 'But even where the constitution gives the highest court of the state original jurisdiction in habeas corpus, it has frequently been held that some special reason must exist for invoking the powers or the parties will be relegated to a lower court for relief, and accordingly it has been held that appellate courts will not exercise this extraordinary jurisdiction where there is another effective remedy available.'

"See, also, *Ex parte Lambert,* 36 S. W. (Tex. Cr.) 81.

"The inexpediency of determining the controverted facts before the supreme court presents another reason for the exercise of this court's discretion in favor of the denial of the application in such cases. The principle which we have just announced is the same as that

involved in the recent case of *State ex rel. Ottensen v. Clausen, ante* p. 389, 214 Pac. 635."

Returning to the rule that habeas corpus will not lie to review or correct error, we find that we have said in *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042:

" 'A habeas corpus is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it.' "

The courts which sentenced the applicant had jurisdiction over him and the crimes of which he was guilty and to impose sentences after conviction. The only claim is that they committed errors in imposing sentences for periods not allowed by law. Such errors, if they existed, are corrected in the superior courts and do not deprive those courts of jurisdiction. *Beale v. The Commonwealth,* 25 Pa. St. 11; *In re Bonner,* 151 U. S. 242; *Ex parte Williams,* 1 Wash. Terr. 240; *In re Nolan,* 21 Wash. 395, 58 Pac. 222; *State v. Gilluly,* 50 Wash. 1, 96 Pac. 512; *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *State v. Andrews,* 71 Wash. 181, 127 Pac. 1102; *In re Blystone,* 75 Wash. 286, 134 Pac. 827; 16 C. J. 1312; 29 C. J. 58; 12 R. C. L. 1194, 1208.

In *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 L. R. A. 393, this court said:

". . . a judgment of sentence made under a wrong statute, or for an unauthorized period, does not deprive the court of jurisdiction to impose and enforce a sentence according to law."

Further than this, the law expressly prohibits the issuance of a writ of habeas corpus in this case. Section 1075, Rem. Comp. Stat. [P. C. § 8039], reads:

"No court or judge shall inquire into the legality of any . . . process whereby the party is in custody,

or discharge him when the term of commitment has not expired, in either of the cases following:

"1. Upon any process issued on any final judgment of a court of competent jurisdiction; . . .

"3. Upon a warrant issued from the superior court upon an indictment or information."

Referring to subdivision 3, this court held in *State ex rel. Anderson v. Callahan,* 119 Wash. 535, 206 Pac. 13, that it "would seem to prevent the granting of the writ of habeas corpus" when the "relator is being held upon a warrant issued from the superior court upon an information, even though the information upon which it was issued has been held defective, . . ." In *In re Putnam,* 58 Wash. 687, 109 Pac. 111, the same result was announced concerning the same subdivision. There can be no distinction between the rule applicable to subdivision 3 and subdivision 1, and in fact the court has followed the same rule in discussing subdivision 1, for in *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042, it said:

"Charles F. Newcomb was convicted of the crime of murder in the first degree, . . . and is now in custody on process issued on the final judgment. . . . He has petitioned this court for a writ of habeas corpus, alleging that his restraint and imprisonment are illegal in this: first, because the jury law of 1909, Laws of 1909, p. 131, under which the jury was drawn and selected, is unconstitutional; Second, because Department No. 3 of the superior court of Pierce county . . . had no jurisdiction to try him; and third, because on the 14th day of May, 1909, the date of the homicide, there was no law in this state defining or prescribing punishment for .the crime of murder. Errors and irregularities such as those complained of cannot be inquired into or corrected on an application of this kind. Our statute provides that,

" 'No court or judge shall inquire into the legality of any judgment or process whereby the party is in

custody, or discharge him, when the term of commit-
ment has not expired, in either of the cases following:
(1) Upon any process issued on any final judgment of
a court of competent jurisdiction. . . . (3) Upon
a warrant issued from the superior court upon an in-
dictment or information.' Bal. Code, § 5826.

" 'A *habeas corpus* is not a writ of error. It cannot
bring a case before us in such a manner that we can
exercise any kind of appellate jurisdiction in it. On a
*habeas corpus,* the judgment of even a subordinate
court cannot be disregarded, reversed, or set aside,
however clearly we may perceive it to be erroneous,
and however plain it may be that we ought to reverse
it if it were before us on appeal or writ of error. We
can only look at the record to see whether a judgment
exists, and have no power to say whether it is right or
wrong. It is conclusively presumed to be right until
it is regularly brought up for revision. We decided
this three years ago at Sunbury, in a case which we all
thought one of much hardship. But the rule is so
familiar, so universally acknowledged, and so reason-
able in itself, that it requires only to be stated.' *Pass-
more Williamson's Case,* 26 Pa. St. 1.

"See, also, *Ex parte Winston,* 9 Nev. 71.

"All the courts acknowledge the existence and bind-
ing force of this general rule, but when we come to
consider what constitutes error and what constitutes
a want of jurisdiction they differ widely. The error
complained of in the matter of drawing and selecting
the jury manifestly did not go to the jurisdiction of
the court, and cannot be considered at this time. . . .

"The question, and the only question before the
trial court on this branch of the case, was this: Was
Bal. Code, § 7035, continued in force, as to the par-
ticular offense here involved, by virtue of either the
saving clause found in § 42 of the new criminal code,
or the general saving clause enacted at the extraordi-
nary session of 1901, Laws of 1901 Special Session, p.
13? The superior court was vested with full and com-
plete jurisdiction to determine that question, and
whether its determination was right or wrong its juris-
diction to hear the case continued and its final judg-

ment is not void. The authorities are by no means agreed upon the proposition, but in our opinion, if a court of general jurisdiction determines a question of law or fact, properly before it in the exercise of its acknowledged jurisdiction, its determination cannot be void, however erroneous it may be.''

For these reasons the application for a writ of habeas corpus will be denied.

PARKER, HOLCOMB, TOLMAN, MITCHELL, and BRIDGES, JJ., concur.