[No. 19179.   Department One.   March 20, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Sidney E.
Goodwin et al., Plaintiff,* v. CLARK V. SAVIDGE,
*Commissioner of Public Lands, Respondent.*[1]

MANDAMUS (70, 89)—JURISDICTION—SCOPE OF INQUIRY AND POWERS
OF COURT.  The supreme court will not assume original jurisdiction
to compel the commissioner of public lands to issue a lease for
mining and extraction of gas, where the validity and constitution-
ality of a statute is not involved, and the superior court can give
complete relief.

Application filed in the supreme court February 11,
1925, for a writ of mandamus to compel the commis-
sioner of public lands to issue to the relators a lease
for the mining of petroleum and gas on state lands.
Denied.

*Charles H. Heighton* and *L. C. Stevenson,* for re-
lators.

*The Attorney General* and *M. H. Wight, Assistant,*
for respondent.

ASKREN, J.—This is an original application for a
peremptory writ of mandate to compel C. V. Savidge,
as commissioner of public lands, to issue to the relator
a lease for the purpose of mining and the extraction
of petroleum and natural gas.

The *Attorney General,* appearing upon behalf of
respondent, has demurred upon the ground that the
application should have been filed in the superior court
in the first instance, relying upon *State ex rel. Ottesen
v. Clausen,* 124 Wash. 389, 214 Pac. 635.  We think this
contention should be sustained.  This court has hereto-
fore taken jurisdiction of many cases of this character,
but such jurisdiction is not exclusive, and it seems to

[1]Reported in 234 Pac. 1.

be the better practice that such cases should first be presented to the superior court, and if the parties are not satisfied with the decision, then appeal may be had to this court.

In *State ex rel. Ottesen v. Clausen, supra,* we quoted approvingly from the rule found in 18 R. C. L. 101, as follows:

" 'Though the state courts of last resort are given original jurisdiction to issue writs of mandamus, and under such a grant have in many instances exercised such jurisdiction frequently without their jurisdiction being questioned, it does not follow that such courts whose principal function is to exercise appellate or supervisory jurisdiction will assume original jurisdiction in all cases in which their aid may be sought and which otherwise may be a proper case for the use of the remedy. And in this connection the established rule seems to be that as original jurisdiction is conferred in order that the court of highest authority in the state should have power to protect the rights, interests and franchises of the state, and the rights and interests of the whole people, to enforce the performance of high official duties affecting the public at large, and, in emergency (of which the court itself is to determine), to assume jurisdiction of cases affecting local public interests, or private rights, where there is no other adequate remedy, and the exercise of such jurisdiction is necessary to prevent a failure of justice, the court is vested with a sound legal discretion to determine for itself, as the question may arise, whether or not the case presented is of such a character as to call for the exercise of its original jurisdiction. And some courts say that original jurisdiction should not be assumed except in cases affecting the sovereignty of the state, its franchises, or prerogatives, or the liberties of its people, or in exceptional cases where a failure to take jurisdiction would amount to a denial of justice and only when the interest of the state at large is directly involved, and where such interest is the principal, and not the collateral, question.' "

The relator urges that in that case there was a question of fact to be determined and that point was the controlling factor. But that does not militate against the rule there stated. We have adopted the same rule as to writs of *habeas corpus*. *In re Emch,* 124 Wash. 401, 214 Pac. 1043; *In re Miller,* 129 Wash. 538, 225 Pac. 429.

In the *Emch* case there were allegations of fact which required determination; but in the *Miller* case the denial of jurisdiction was not based upon that ground, but rather that the writ will not be granted by this court except in cases involving the interests of the state at large or of public interest, or where it is necessary because there is no other adequate remedy. This case does not involve, as did *State ex rel. Garber v. Savidge,* 132 Wash. 631, 233 Pac, 946, the validity and constitutionality of a statute, and while the interest of the state at large is involved, it is not the principal question at issue.

It seems plain, under the rule stated and our various decisions, that this court ought not to assume original jurisdiction in this case, where the superior court can give the complete relief sought.

The application for the writ is therefore denied.

Tolman, C. J., Parker, Main, and Bridges, JJ., concur.