[No. 20675. *En Banc.* June 8, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Al Wagner, Appellant,* v. SUPERIOR COURT FOR GRAYS HARBOR COUNTY *et al., Respondents.*[1]

[1] CRIMINAL LAW (25)—JURISDICTION—JUSTICE OF THE PEACE. A justice of the peace in a city other than the first class, has no jurisdiction of a prosecution for the unlawful possession of elk meat, under Rem. 1927 Sup., § 5931-57, providing for a fine therefor of not less than $250; in view of Rem. Comp. Stat., § 9433, providing that justices of the peace in cities other than the first class, shall in no event impose greater punishment than a fine of one hundred dollars.

[2] HABEAS CORPUS (7, 16)—GROUNDS FOR RELIEF—WANT OF JURISDICTION. Habeas Corpus lies to release a prisoner convicted in a justice court of an offense which the justice had no jurisdiction to try, because incompetent to impose the penalty required by law for the offense stated.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered May 10, 1927, in favor of the defendants, upon sustaining a demurrer to a petition for a writ of habeas corpus. Reversed.

*Wm. M. Baumert,* for appellant.
*Austin M. Wade,* for respondents.

¹Reported in 256 Pac. 784.

ASKREN, J.—The petitioner, Wagner, with two others, was tried before the Honorable John B. Orton, justice of the peace at Aberdeen, on the charge of unlawful possession of elk meat, elk teeth and other parts of elk. After a trial, all of the defendants were found guilty and a fine of two hundred fifty dollars imposed on each of the defendants. Two of the defendants paid their fines. The relator being unable to pay his, was imprisoned in the county jail.

On the third day of May, 1927, relator filed his petition for a writ of habeas corpus in the superior court, alleging his illegal restraint upon the ground that the justice court had no jurisdiction to try him for the offense charged. A demurrer was filed to the petition, which was sustained by the court.

The statute under which relator was prosecuted is § 57, ch. 178, Laws of 1925, p. 521 [Rem. 1927 Sup., § 5931-57]. That section provides for a fine of not less than $250, nor more than $1,000, for the offense of which relator was convicted.

[1] Rem. Comp. Stat., § 46 [P. C. § 9433], provides as follows:

"Justices of the peace shall have jurisdiction concurrent with the superior courts of all misdemeanors and gross misdemeanors committed in or which may be tried in their respective counties: Provided, that justices of the peace in cities of the first class shall in no event impose greater punishment than a fine of five hundred dollars, or imprisonment in the county jail for six months; and justices of the peace other than those elected in cities of the first class shall in no event impose greater punishment than a fine of one hundred dollars, or imprisonment in the county jail for thirty days."

It will be seen from this statute that the justice of the peace before whom the case was tried, not being a justice of the peace in a city of the first class, was

empowered by law to assess a fine for the violation of state laws of not more than one hundred dollars or imprisonment in the county jail for not more than thirty days.

It seems clear to us that the justice of the peace had no jurisdiction of the offense charged, since the law mandatorily required upon conviction a fine of not less than two hundred fifty dollars, and the justice of the peace had jurisdiction to assess a fine of one hundred dollars only. It follows, therefore, that it was a case the punishment for which as provided by law he was unable to impose.

[2] Counsel for respondent urge that, under the authority of our decision in *In re Voight*, 130 Wash. 140, 226 Pac. 482, we have announced the rule that a judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment thereunder, is an unanswerable return to a writ of habeas corpus. The rule there stated is sound. It will be seen in the instant case that the relator was not tried before a court of competent jurisdiction, because the court was not competent to impose a fine of two hundred fifty dollars as required by law. It is not a case where the court has only entered an erroneous judgment. If the statute under which the relator was tried gave the court power to fine in the amount of one hundred dollars or less, then its action would only be erroneous because the amount imposed would be greater than its power under the law. *State v. Davis*, 43 Wash. 116, 86 Pac. 201. But in this case, the court had no power to hear the case, because it could not impose the sentence required by law.

Reversed, with instructions to overrule the demurrer.

All concur.