[No. 24247. Department Two. October 25, 1932.]

*In the Matter of the Application of* ARTHUR CAVITT
*for a Writ of Habeas Corpus.*[1]

*R. H. Back,* for petitioner.

*Dale McMullen* and *Claude C. Snider,* for respondent.

STEINERT, J.—Upon the application of petitioner, Arthur Cavitt, who is being detained in the custody of the sheriff of Clark county, Washington, an original writ of habeas corpus issued from this court, directing the sheriff to produce said Cavitt upon a day certain, and to give the cause for his detention. On the return day, the sheriff made answer to the writ, and at the same time filed his demurrer to the petition. The matter is now before us for determination.

The facts are these: The petitioner having been convicted in the superior court for Clark county of the crime of unlawfully hunting for deer, judgment was

[1]Reported in 15 P. (2d) 276.

entered sentencing him to thirty days' imprisonment in the county jail, and directing him to pay a fine of three hundred dollars and costs amounting to $46.35. The judgment directed that the petitioner be remanded to the custody of the sheriff "to be by him detained in the county jail of said county until said sentence, fine and costs have been paid or satisfied in accordance with law."

The petitioner was thereupon committed, and he thereafter remained in the custody and under the control of the sheriff for the full term of his sentence. It appears, however, that, during a portion of his term of sentence, petitioner was assigned as a trusty, performing the usual duties of such persons in and about the jail and upon the court-house lawn. For a period of twenty-seven days, he did manual labor upon a privately owned farm some distance from the jail, for which he received a compensation of one or two dollars per day. This outside work, however, was at the direction of the sheriff, who took him to, and brought him from, the place of work in an automobile owned by the county. Petitioner spent his nights in the jail during the entire term.

After the full expiration of his sentence, and in an action for divorce brought by the petitioner against his wife, heard October 5, 1932, before the sentencing judge, the latter learned that the petitioner had spent twenty-seven days of his sentence upon a farm, not his own, receiving the compensation above mentioned. Accordingly, on October 7, 1932, the judge, without any notice to, or process upon, the petitioner, and without any hearing at which petitioner was present, ordered him to be taken into custody and detained in the county jail for an additional period of twenty-seven days. Petitioner was accordingly arrested by the sheriff, and this proceeding is the result.

The prosecuting attorney, appearing for the respondent, asserts and contends that this court should not assume to try or dispose of cases under its constitutional power to exercise original jurisdiction in habeas corpus proceedings, except in cases involving the interests of the state at large, or of public interest, or when it is necessary because there is no other adequate remedy; citing *In re Emch,* 124 Wash. 401, 214 Pac. 1043; *In re Miller,* 129 Wash. 538, 225 Pac. 429, and *State ex rel. Goodwin v. Savidge,* 133 Wash. 532, 234 Pac. 1.

The rule contended for is well settled in this state, and we adhere to it. But this case falls within the exception provided for in the rule itself. In view of what actually transpired, petitioner has no adequate remedy except by this proceeding. The court had, at an *ex parte* hearing, recommitted the petitioner to jail for a period of twenty-seven days. He was immediately taken into custody and is now in jail. However conscientious the court's action may have been, it has nevertheless by that proceeding pre-judged the matter, and unless the petitioner has this remedy, he will probably have served the full time before an appeal, if he were restricted to that, could be disposed of.

We have announced the rule that, if a trial court has done something from which the inference may be fairly drawn that it will, unless prohibited, act beyond and in excess of its jurisdiction, so that it is reasonably certain that any appeal to it will prove futile, application for relief to the supervisory court on the ground of want of jurisdiction may be made without first suggesting the question to the court of trial. *State ex rel. Skaggs v. Smith,* 116 Wash. 572, 200 Pac. 92. From what has already occurred in the court below, the same

rule of inference is applicable here. We think, therefore, that this is a case calling for our interference.

■ Coming to the merits of the case, we are satisfied that the court had lost entire jurisdiction thereof when it attempted to make its order of recommitment on October 7, 1932. The record discloses that the petitioner had then served the full term of service under the judgment and sentence, and had been discharged by the sheriff "for completion of service" on September 7, 1932. The court could not thereafter vivify a jurisdiction that was exhausted. The judgment had become *functus officio*. And certainly, jurisdiction of the petitioner could in no event be obtained without some form of process upon him, or without an opportunity to be heard given him.

The mere fact that the petitioner was not actually in jail during a part of the time is immaterial. He was in the custody, and subject to the control, of the sheriff. Although he may have been willing to enter upon outside duties, assuming even that it was to his advantage, that does not change the situation. He could not have compelled such an accommodation to himself, nor was his liberty wholly unrestricted when it was accorded. He was still subject to disposition by the sheriff, and was, in fact, held to the same requirements as all other trusties of the jail.

Nor does the fact that the petitioner was permitted to earn a small compensation for a part of the time, alter the case. It is conceivable that a man, even while in close confinement, might, through his native ability, produce something from which he might secure a monetary consideration. But that does not free him from the restraint which the sentence has imposed upon him. The petitioner was still under the supervision of the sheriff by virtue of Rem. Comp. Stat., § 10195, and, under the *mittimus* from the clerk, the

88

sheriff was required by law to execute the sentence. Rem. Comp. Stat., § 2207. The court, as such, no longer had authority over him.

For these reasons, we are satisfied that the petitioner was entitled to a writ of habeas corpus; and upon a hearing thereof, we conclude that he is now entitled to have an order from this court immediately discharging him from further custody under the judgment. An order to this effect will go forward at once.

TOLMAN, C. J., MAIN, BEALS, and HERMAN, JJ., concur.