[No. 28442. Department One. August 21, 1941.]

WILLIAM VOIGT, JR., *Petitioner*, v. P. E. MAHONEY, *as Acting Warden of the State Penitentiary, Respondent.*[1]

[1]Reported in 116 P. (2d) 300.

158

*William Voigt, Jr., pro se.*

*The Attorney General* and *Shirley R. Marsh, Assistant,* for respondent.

STEINERT, J.—Petitioner, William Voigt, Jr., has made application to this court for a writ of *habeas corpus* to obtain his release from imprisonment in the state penitentiary, or, in the alternative, to obtain an order modifying the judgment, sentence, and commitment rendered by the superior court for Cowlitz county in a former criminal action wherein petitioner had been convicted of the crime of murder in the first degree. Coincident with his application, and ancillary thereto, petitioner also presented to this court, in a separate proceeding, a petition for the issuance of a writ of certiorari directed to the clerk of the superior court for Cowlitz county requiring her to make available to this court the record supporting the judgment, sentence, and commitment in the former criminal action. Orders to show cause, directed to the warden and to the clerk, respectively, were issued by the chief justice.

The attorney general, appearing for the respondent in each of the proceedings, interposed a demurrer to the ancillary petition for writ of certiorari, and made

answer to the petition for writ of *habeas corpus*. The two matters were argued as one and were submitted for decision upon the pleadings above mentioned together with certain exhibits attached to the petitions.

The petition for writ of *habeas corpus* contains a recital in which the facts are alleged to be as follows: On March 5, 1918, the then deputy prosecuting attorney for Cowlitz county filed an information in the superior court for that county charging petitioner herein with the crime of murder in the first degree. Following his arrest, petitioner was arraigned on March 11th of the same year, and, upon his plea of guilty to the charge, the judge of the superior court immediately sentenced him to life imprisonment, without satisfying the formality of calling and impaneling a jury to determine the degree of murder of which he was guilty and the punishment therefor, as required by Rem. Rev. Stat., § 2116 [P. C. § 9169].

Petitioner's recital of facts, as above set forth, was supported by an alleged copy of an affidavit, attached to the petition, made by the deputy prosecuting attorney previously referred to, who, however, is no longer in office. Also attached to the petition is an alleged copy of a letter written by the present clerk of the superior court for Cowlitz county, in which letter it is stated that, owing to loss or destruction of numerous records formerly deposited in the Cowlitz county court house, no minute record of that court for the year 1918 could be found. Although no copy of the original judgment of conviction appears in the record before us in this proceeding, there is attached to the petition herein a copy of the commitment, which recites that petitioner had been "duly convicted" of the crime of murder in the first degree.

Under the heading of "contentions" in his petition for writ of *habeas corpus*, petitioner alleges that his

confinement is illegal because no jury was called and impaneled in the original criminal action to determine the degree of murder of which he was guilty and the punishment therefor; that the sentence and commitment for murder in the first degree had no authority or force other than as a sentence and a commitment for the crime of manslaughter, the maximum penalty for the latter offense being alleged to be twenty years imprisonment in the penitentiary; and that petitioner has served the full twenty-year period.

Respondent's answer to the petition for writ of *habeas corpus* admits the allegations with respect to the original criminal charge, the plea of guilty, the sentence, the commitment, the imprisonment by authority of the judgment and commitment, and the period of petitioner's prison service. However, the answer denies, upon the ground of lack of knowledge, petitioner's allegations with respect to the nature and details of the proceedings had in the superior court on the original charge. It further denies categorically all that portion of the petition included in petitioner's "contentions."

The answer then alleges, by way of affirmative defense, that the exact matter now in controversy was fully determined by this court in another proceeding for a writ of *habeas corpus* instituted by petitioner some years ago. *In re Voight* [Voigt], 130 Wash. 140, 226 Pac. 482. The answer further alleges that the judgment which the superior court for Cowlitz county imposed upon petitioner in the original criminal action was valid upon its face; that the superior court had jurisdiction of the person of petitioner and of the subject matter of that action; and that therefore the judgment and sentence therein could not now be impeached in a proceeding for a writ of *habeas corpus*.

Petitioner's ancillary application for a writ of cer-

tiorari directed to the clerk of the superior court for Cowlitz county requires no explication other than what has already been said herein concerning it.

We shall first direct our attention to the case of *In re Voight, supra,* which respondent has pleaded in his affirmative defense as *res judicata* of the present proceeding. Examination of the records in that case discloses that, on April 15, 1924, petitioner herein made application to this court for a writ of *habeas corpus* to obtain his release from the state penitentiary, to which he had been committed on March 11, 1918, for the crime of murder in the first degree. The present proceeding relates to the same offense. The former petition was based on the allegation, repeated in this petition also, that the superior court for Cowlitz county had pronounced judgment and sentence against petitioner and had committed him to the penitentiary without impaneling a jury to determine the degree of murder of which he was guilty and the punishment therefor, as required by Rem. Comp. Stat., § 2116 (now Rem. Rev. Stat., § 2116). The judgment and commitment, copies of which were attached to the former petition, both recited that petitioner had been duly convicted of the crime of murder in the first degree.

The attorney general appeared in that proceeding and demurred to the petition on the grounds that this court had no jurisdiction of the person or of the subject matter of the action, and that the petition did not state facts sufficient to constitute a cause of action or to allow the relief prayed for, or any relief whatever. At the same time, the attorney general filed an answer containing virtually the same denials as those contained in his answer to the present petition.

The petitioner contended in that proceeding that the lower court had no jurisdiction whatever to enter the judgment in question; that the judgment was void and,

being so, was incurable by amendment or otherwise; and that he was therefore entitled to a discharge.

That cause was disposed of, in this court, on the petition and demurrer, without regard to the answer, which denied all the material allegations contained in the petition. This court held in that case that the judgment of conviction was not void upon its face, even though it might have been erroneous. The opinion announced the rule, to which we now adhere, that the writ of *habeas corpus* cannot be used to attack a judgment collaterally, even though the judgment be erroneous, unless it be utterly void. We quote from that opinion, as follows:

"No proposition is better settled in this state than that the writ of *habeas corpus* cannot be used to collaterally attack a judgment, even though the judgment is erroneous, if not utterly void. *In re Casey,* 27 Wash. 686, 68 Pac. 185; *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *In re Miller,* 129 Wash. 538, 225 Pac. 429.

"There can be no doubt, under the record brought up by petitioner, that the superior court for Cowlitz county had jurisdiction of the person and of the subject-matter involved in the prosecution against petitioner. The information in the case charged that the crime was committed on November 28, 1917, in the county of Cowlitz, state of Washington; that the crime charged was that of murder in the first degree, an offense of which the court, a court of general jurisdiction, assuredly had jurisdiction, and was competent to proceed to final determination and judgment. Upon this information, petitioner was arrested upon a warrant and taken into custody. He was thereafter taken before the court, arraigned, and plead guilty. The person, place and crime were within the jurisdiction of that court. It is therefore uncontrovertibly shown that the lower court had jurisdiction of the person and of the subject-matter of the prosecution.

"The contention that the judgment was void on its face cannot be sustained in view of our decision in *In re Casey, supra,* where the law was ably discussed.

"A judgment may be erroneous and not void. It may be erroneous because it is excessive or deficient, or because of some irregularity in the procedure occurring at or before the trial; but a judgment or sentence cannot be impeached on *habeas corpus* if it is only erroneous, the court having given a wrong judgment when it had jurisdiction of the person, place and subject-matter. Church on Habeas Corpus (2d ed.), § 372; *In re Casey, supra*."

In that opinion this court also quoted the following statement from the case of *Smith v. Hess*, 91 Ind. 424:

"A judgment by a court of competent jurisdiction, valid upon its face, and a valid commitment under it, is an unanswerable return to a writ of *habeas corpus*."

Later cases in this court have recognized as sound the rule announced in the *Voight* case, *supra*, to the effect that a judgment by a court of competent jurisdiction, valid on its face, and a valid commitment thereunder, constitute an unanswerable return to a writ of *habeas corpus*. *In re Hannigan*, 136 Wash. 60, 238 Pac. 913; *State ex rel. Wagner v. Superior Court*, 144 Wash. 71, 256 Pac. 784; *In re Hulet*, 159 Wash. 98, 292 Pac. 430. For a collection of cases upon some of the aspects of this general problem, see Note (1932) 76 A. L. R. 468.

In so far as it is now contended by petitioner herein that his confinement is illegal because no jury was called or impaneled to determine the degree of murder of which he was guilty or the punishment therefor, the earlier *Voight* case, *supra*, is determinative. The judgment in the original criminal action not being void upon its face, even though it may have been erroneous, it cannot be attacked collaterally by petition for writ of *habeas corpus* presented to this court.

There is even greater reason for that conclusion in this case than there was in the earlier case, because in the earlier decision the matter was disposed of on

demurrer, which, from the standpoint of procedure, admitted the material allegations of fact set forth in the petition, while here the matter is to be disposed of on the petition together with the answer *denying* the material allegations of the petition.

■ Petitioner herein further contends, however, that the sentence and commitment in the original criminal action could in no event have any greater authority or force than as a sentence and a commitment for manslaughter, the maximum penalty for which is twenty years imprisonment in the penitentiary; and that, since he has fully served that term, he must now be discharged. In making this contention, petitioner has receded somewhat from the position taken by him in the former case. He there contended that the judgment was utterly void and incurable by amendment because a jury had not been called and impaneled. He now concedes that the sentence and commitment had the force of law to the extent of imposing imprisonment for a period of twenty years, the maximum penalty for the crime of manslaughter, but contends that the sentence and commitment are illegal and void beyond that period.

The premise upon which petitioner's contention rests is incorrect. The judgment, sentence, and commitment under which petitioner is now held in confinement were not imposed, either expressly or in effect, for the crime of manslaughter. As shown by the record in this very case, they rested solely upon a conviction for the crime of murder in the first degree. Whether or not that judgment be erroneous, it is not void upon its face. To the contrary, it is valid upon its face for the reasons stated in the former decision. The judgment therefore cannot be attacked collaterally by use of a writ of *habeas corpus* issuing from this

court. The former case, *In re Voight, supra,* is as controlling authority upon the question now presented as it was upon the immediate question there involved.

■ There is another distinct reason for refusing the writ in this instance. Not only is the judgment of conviction valid upon its face, precluding a collateral attack thereon, but, as already stated, the allegations upon which the application for the writ is now made are denied in the answer. Issues of fact as well as of law are thus presented.

While it is true that Art. IV, § 4, of the Washington constitution vests the supreme court with original jurisdiction in *habeas corpus* proceedings, that jurisdiction is not exclusive, for by § 6 of the same article the superior court is given like jurisdiction. This court is thus given a discretionary power to exercise, or to refrain from exercising, its jurisdiction in such matters, and may require that resort be had first to the superior court. The inexpediency of determining questions of fact in the supreme court furnishes adequate reason for the exercise of its discretion in favor of the denial of the writ. *In re Emch,* 124 Wash. 401, 214 Pac. 1043. Accord, *State ex rel. Ottesen v. Clausen,* 124 Wash. 389, 214 Pac. 635. The entire history of this case, as narrated above, presents a situation which in our opinion should not be submitted to this court in the first instance.

Whether or not, upon the facts alleged in the petition, the applicant herein should ultimately be entitled to relief, we do not now decide. We do say, however, that if, under the facts as they may be determined, petitioner is entitled to any relief, he must seek his remedy in the superior court in some form of proceeding which will constitute a direct attack upon the original judgment of conviction.

In view of our disposition of the application for a writ of *habeas corpus,* the ancillary petition for a writ of certiorari directed to the clerk of the superior court for Cowlitz county has no further purpose or significance. Whether we deny the principal writ on the ground that the application therefor constitutes a collateral attack upon the original judgment of conviction, or whether we refuse to entertain the present proceeding because the superior court is the more appropriate forum, the writ of certiorari could supply nothing additional which would affect either conclusion. In this connection, we do not concede that a writ of certiorari, which is a writ of review, may issue against a clerk of the superior court merely for the purpose of having that official supply a court record. That question, however, requires no decision here, and hence we do not pursue it.

The petition for writ of *habeas corpus* is denied.

ROBINSON, C. J., BLAKE, MAIN, and DRIVER, JJ., concur.