[No. 43036.    En Banc.    December 26, 1974.]

ROBERT HOLT, *Petitioner*, v. CHARLES R. MORRIS, *as Secretary of the Department of Social and Health Services, Respondent.*

*Richard Emery* and *Allen Ressler*, for petitioner.

· *Slade Gorton, Attorney General,* and *William C. Collins, Assistant,* for respondent.

FINLEY, J.—In a petition to the Supreme Court for writ of habeas corpus, petitioner Robert K. Holt seeks a new trial respecting a charge of second-degree assault to which he pleaded guilty and was sentenced to a maximum of 10 years in prison. The Board of Prison Terms and Paroles has set petitioner's minimum term at 2 years.

Petitioner Holt alleges he was unconstitutionally deprived of due process of law in regard to his plea of guilty and the imposition of sentence by the trial court. More specifically, he asserts he was not represented by counsel prior to his plea of guilty and that the trial judge failed to advise him of the nature of the charge against him, possible defenses to it, and the possible consequences of the plea of guilty and conviction on the charge. In addition, he claims that an ostensibly friendly Officer Rush assured him at the time of trial that he would need no attorney and would be better off if he pleaded guilty.

Respondent Department of Social and Health Services, represented by the Attorney General's office, has moved to dismiss the petition on two grounds. First, that the petition is improperly filed in the Supreme Court; that it should have been filed in the Court of Appeals as provided in CrR 7.7(a).

> Such petition shall be directed to the chief judge of the court of appeals in the district in which the court that imposed the sentence or order is located and shall be filed on a standard form approved by the Supreme Court and appearing as section (j) of this rule.

Second, respondent contends the petition is completely without merit. We agree with both contentions of respon-

dent and have concluded that the petition should be dismissed on both grounds.

Prior to 1947, post-conviction relief by petition for a writ of habeas corpus was by decisional law traditionally limited to cases where the judgment and sentence could be said to be void on its face. Determinations as to voidness were, as a matter of course, made judicially without looking into and examining the record and without any testimony or evidence being adduced by remand to a trial court. *See In re Grieve*, 22 Wn.2d 902, 158 P.2d 73 (1945). But in 1947 the legislature in amending RCW 7.36.130(1) attempted to significantly enlarge the ambit of post-conviction relief by way of petitions for a writ of habeas corpus. Article 4, section 4 of the State constitution prescribes the habeas corpus jurisdiction of the Supreme Court. There is a question as to whether such jurisdiction established and authorized by Const. art. 4, § 4 can be altered by the legislature without first amending the constitution. Be this as it may, the 1947 statutory amendment, coupled with a growing social need and demand for a more viable post-conviction procedure, seems to have prompted the Supreme Court to enhance the ambit of habeas corpus procedure substantially beyond the preexistent traditional limitations indicated above. This development, partly attributable to the statutory enactment, but essentially the result of creative judicial decisionmaking, filled a post-conviction relief vacuum caused by the lack of any comprehensive and clearly articulated post-conviction relief procedure provided either by statutory enactment or by court rules promulgated by the Supreme Court. The indicated expansion of the ambit of habeas corpus served a growing need and demand for improvement in post-conviction review and relief regarding claims of due process errors in the trial of criminal cases. However, the procedure which developed on a case-by-case basis was fraught with uncertainties because of the lack of specificity as to grounds for post-conviction relief and was attended with considerable delay in the processing of writs for habeas corpus at the Supreme Court level. In numerous

instances, because of the appellate nature of the Supreme Court, cases had to be remanded to the trial courts for the taking of testimony and evidence, and the hearing and determination of factual issues. Deferral and delay as to final disposition was an almost inevitable result.

The American Bar Association project on Minimum Standards for Criminal Justice and the commentary to its proposed "Standards Relating to Post Conviction Remedies (Approved Draft 1968)" recognized the need for a "single unitary post conviction remedy." The comments to the Washington Proposed Rules of Criminal Procedure also emphasized the need for a unified, systematic, expeditious procedure for post-conviction relief. The general comment of the task force regarding CrR7.7 of the proposed rules of Criminal Procedure reads:

> Post-conviction review has become an established part of the criminal process. The establishment of this procedure is a by-product of the changes in criteria governing criminal prosecutions wrought by the United States Supreme Court. As new minimum standards have been recognized, pressures have developed for efficacious post-conviction remedies to deal with the ramifications of the changes. Sometimes described as the retroactivity of judicial decisions (or statutory enactments) the difficult problem posed is whether society will continue to deprive persons of liberty despite a policy change as manifested in the new decisions.
>
> Presently, Washington lacks any systematic procedure for post-conviction relief. The Task Force felt that case law procedures did not serve satisfactorily in many respects. The Task Force believes that it is preferable in pursuit of justice and administratively most efficient, to develop a system that will treat post-conviction applications on their underlying merits rather than to create an elaborate overlay of procedural rules to attempt to dispose of them.

We are convinced that with the adoption of CrR 7.7 the preexisting, somewhat haphazard habeas corpus procedure which had developed essentially on a case-to-case basis has now been replaced by a sound, more expeditious, single,

comprehensive system for post-conviction review designed to avoid technicalities and delay and to focus attention promptly and directly on the merits or lack of merits presented in petitions for post-conviction relief.

In behalf of petitioner Holt, it is contended that CrR 7.7 is merely supplementary to preexisting habeas corpus procedures and furthermore that CrR 7.7 does not and cannot deprive a convicted criminal offender of the right to file a petition for an original writ of habeas corpus in the Supreme Court. We disagree.

The purpose and the hoped for efficacy of the procedures provided in CrR 7.7 have been discussed heretofore. The Washington Constitution, article 4, section 4 reads as follows:

> The supreme court shall have original jurisdiction in habeas corpus, and quo warranto and mandamus as to all state officers, and appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property does not exceed the sum of two hundred dollars ($200) unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction. *Each of the judges shall have power to issue writs of habeas corpus to any part of the state upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself, or before the supreme court, or before any superior court of the state or any judge thereof.*

(Italics ours.) It is obvious from a cursory reading of the constitution, article 4, section 4, that the original jurisdiction in habeas corpus vested in the Supreme Court is not exclusive and we have so held.[1] In a number of decisions,

---

[1] We have repeatedly held that article 4, section 6 of the Washington Constitution vests concurrent jurisdiction in the superior courts of this state. *Voight v. Mahoney*, 10 Wn.2d 157, 116 P.2d 300 (1941); *In re*

and as long as four decades ago in the case of *In re Cavitt,* 170 Wash. 84, 15 P.2d 276 (1932), we have also held that post-conviction relief through habeas corpus is not available if a convicted criminal offender has another adequate remedy at law. Since it is not exclusive and is not available when another appropriate remedy exists, petitions for Supreme Court habeas corpus are not mandatory but in effect are discretionary. The principles stated are pertinent to the impact and application of post-conviction relief under CrR 7.7 and the inapplicability presently of habeas corpus applications inadvertently filed with the Supreme Court rather than being processed as provided under CrR 7.7.

The last sentence of Const. art. 4, § 4, particularly in relation to judges of the Supreme Court, provides as to petitions for habeas corpus that an individual judge of the Supreme Court "may make such writs returnable before himself, or before the supreme court, or before any superior court of the state or any judge thereof." Clearly under the quoted language of article 4, section 4, an individual member of the Supreme Court, presented with a petition for a writ of habeas corpus regarding post-conviction relief, is constitutionally authorized to issue a show cause order making it and the petition for habeas corpus returnable for disposition before a judge of the superior court. The authority to do so, we are convinced, pertains equally in the

*Miller,* 129 Wash. 538, 225 Pac. 429 (1924); *In re Emch,* 124 Wash. 401, 214 Pac. 1043 (1923).

Similarly, pursuant to article 4, section 30 (amendment 50) of the constitution and RCW 7.36.040, the same evaluation is pertinent with respect to the Court of Appeals. Article 4, section 30 provides:

(1) *Authorization.* In addition to the courts authorized in section 1 of this article, judicial power is vested in a court of appeals, which shall be established by statute.

(2) *Jurisdiction.* The jurisdiction of the court of appeals shall be as provided by statute or by rules authorized by statute.

RCW 7.36.040 provides:

Writs of habeas corpus may be granted by the supreme court, the court of appeals, or superior court, or by any judge of such courts, and upon application the writ shall be granted without delay.

Clearly, RCW 7.36.040 is a constitutional and fully effective grant of original habeas corpus jurisdiction to the Court of Appeals.

case of petitions for habeas corpus post-conviction relief addressed either to the Chief Justice or to the Supreme Court as a judicial entity. Restated simply, the indicated authority exercisable by any individual member re habeas corpus most certainly may be exercised by the Supreme Court collectively as a judicial entity. CrR 7.7 is an articulation and implementation of this authority through the rule-making power of the Supreme Court.

By its own terms, CrR 7.7 in subsection (a) limits the scope of the procedure provided to cases involving a person under any disability resulting from *a sentence or order of a court* who claims a right to relief on the grounds that such a disability was imposed in violation of the constitution or laws of the United States or of the State of Washington. Thus, CrR 7.7 obviously applies only to petitions for post-conviction relief involving or resulting from a sentence or order of a trial court in our state. In connection with the functioning of CrR 7.7 relative to post-conviction relief, attention should be called particularly to subsections (b), (c), and (d). Subsection (b) provides as follows:

> If the petition appears to have any basis in fact or law, or is not on its face frivolous, the chief judge shall cause the petition to be transmitted to the superior court in which the petitioner was originally tried for a prompt hearing on the merits of the petitioner's claim.

Subsection (c) provides:

> The hearing on the petition in the superior court may be before any judge except the judge who imposed the sentence or other order, unless the petitioner assents to a hearing before such judge.

Subsection (d) provides:

> The purpose of the hearing will be to determine whether the petitioner is entitled to release or other appropriate relief. The rules of evidence applicable at trial shall be followed at this hearing.

Subsection (e) provides for the right to counsel. Subsection (f) provides conditionally for the presence of the petitioner

in court. Subsection (g) specifies the grounds upon which post-conviction relief may be granted as follows:

If at the hearing on the petition the court finds:

(1) that the conviction was obtained or sentence or order imposed in violation of the Constitution of the United States or the Constitution or laws of the State of Washington; or

(2) that the court entering the sentence or order was without jurisdiction over the person of the petitioner or the subject matter; or

(3) that material facts exist not theretofore presented and heard, which require vacation of the conviction, sentence or other order in the interest of justice; or

(4) that there has been a significant change in law, whether substantive or procedural, material to the conviction, sentence or other order and sufficient reasons exist to require retroactive application of the changed legal standard, it shall order the appropriate relief.

Subsection (h) relating to appeal provides as follows:

Either party may appeal the ruling of the superior court. *The appeal shall be governed by the rules of appeal in criminal matters.* Counsel appointed by the superior court to represent an indigent shall continue to represent him on the appeal unless, for good cause shown, he is relieved by the court.

(Italics ours.) Subsection (i) specifically provides for and discourages repetitious requests or successive motions for post-conviction relief as follows:

A second or successive motion for similar relief on behalf of the same petitioner shall not be entertained without good cause shown.

We are convinced of several essentially basic things: that CrR 7.7 provides a needed and updated, modern, sound, and more efficacious procedure for post-conviction relief than has existed heretofore in the state of Washington; that the procedure provided is not in derogation of any constitutional rights of criminal defendants under Const. art. 4, § 4. In addition, we think the procedure provided under CrR 7.7 is not only consistent with the principles enunciated on a case-to-case basis in our decisions relative to habeas corpus

petitions directed to the Supreme Court, but the procedure provided is a more viable, expeditious and orderly one than has heretofore existed. We think it is a most constructive step through the careful and judicious use of our rule-making power for improvement in the administration of criminal justice. As stated above, respondent's motion to dismiss petitioner Holt's application for habeas corpus to the Supreme Court will be granted. Comparable petitions covered by, or within the ambit of, the provisions of CrR 7.7 should in the future be addressed in accordance therewith to the appropriate chief judge of the Court of Appeals.[2]

Recently in *State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974), we took the opportunity to comment on CrR 7.7(b) as follows:

Rule 7.7(b) requires that the Chief Judges of the Court of Appeals review petitions for post-conviction relief to determine whether the "petition appears to have any basis in fact or law, or is not on its face frivolous." If there appears to be some basis for relief, the rule requires that the "petition . . . be transmitted to the superior court in which the petitioner was originally tried for a prompt hearing on the merits of the petitioner's claim." The rule does not contemplate factual inquiry by an ap-

[2] We are confident that the Chief Judges of the Court of Appeals will abide by the literal language of CrR 7.7(b) and transmit a petition to the superior court if it *"appears* to have *any basis* in fact or law, or is not on its face frivolous, . . ." (Italics ours.) However, rare occasions could occur henceforth in which a petition clearly raises issues not resolved by evidence in the record, thereby making the petition not frivolous; yet the chief judge may erroneously refuse to transmit the petition to the trial court for a hearing, evaluation and disposition on the merits. In such a situation, the appropriate remedy could be to petition this court for the issuance of a writ of mandamus or certiorari pursuant to ROA I-57.

If this is ineffectual, then in rare instances it could be appropriate to address a new habeas corpus petition as an original matter to the Chief Justice or to another member of the Supreme Court, either of whom could make the writ returnable before the Supreme Court en banc or to the appropriate superior court for disposition. This procedure would be consistent with what has been said hereinabove as to the intendment of CrR 7.7 and basically would be consistent with the purpose and constitutional authorization of the last sentence of Const. art. 4, §4 quoted heretofore in this opinion.

pellate court, but merely a screening of the petitions. In short, the function of the Chief Judge, in review, is one of separating the wheat from the chaff, and not delving beyond the face of the petition. *See* Comments of the Criminal Rules Task Force to the Washington Judicial Council, *Proposed Rules of Criminal Procedure* 134-35 (1971).

In concluding our discussion of this portion of the instant case, we refer again to *State v. Rolax, supra,* where the court stated:

> Washington, until the adoption of CrR 7.7, was without a systematic procedure of post-conviction relief. Recently adopted CrR 7.7 delineates the guidelines to be followed by the courts of this state in granting post-conviction relief. The progenitor of our rule is found in provisions of the ABA Standards Relating to Post Conviction Remedies (Approved Draft 1968).

From the foregoing, it would seem logical that the petition in the instant case could be made returnable or remanded to the appropriate chief judge of the Court of Appeals for processing and disposition in accordance with the pertinent provisions of CrR 7.7. However, as a practical matter, in the instant case, it seems to us the indicated logic should not be adhered to. In addition to presenting the questions of law and constitutionality involved, this case has been fully submitted and fully argued *on the merits* at an en banc hearing of this court. As mentioned previously, the petitioner asserts he has been deprived of constitutional, due process rights including the right to counsel. Petitioner claims that the trial judge failed to advise him of the nature of the charge and possible defenses and the possible consequences of pleading guilty and conviction. He also claims he was influenced, to his detriment, when an ostensibly friendly officer, Rush, assured him he would need no attorney, and would be better off to plead guilty. The return and answer of respondent includes an affidavit by Mr. Buell Rash, a deputy sheriff (presumably the Rush referred to by the petitioner) in which the sheriff states positively that he did not coax the defendant into pleading

guilty. Also included is an excerpted colloquy which took place between the defendant and the trial judge, which absolutely contradicts petitioner Holt's contentions that he was deprived of due process rights at the time of arraignment and plea of guilty. That excerpted colloquy in pertinent part reads as follows:

THE COURT: It is the duty of the court to inform you at the time you are arraigned of your constitutional rights. You have 24 hours within which to enter a plea to the crime you are charged with. Should you enter a plea of not guilty, you have the right to trial by jury. You also have the right to consult with an attorney before entering a plea. Should you wish to consult with an attorney and prove to the satisfaction of the court you are without funds, the court will appoint an attorney to represent you and Douglas County will pay the attorney's fees. However, if you wish to enter a plea at this time you may do so, but whatever plea you enter should be your free and voluntary plea and not made through any promises or holding out from the sheriff's office, the prosecuting attorney's office, or any third person. By Information filed June 22, 1972, you are charged with the crime of second degree assault, which carries a maximum term of 15 years. Do you understand the crime you are charged with? THE DEFENDANT: Yes, sir. THE COURT: Do you wish to enter a plea at this time? THE DEFENDANT: Yes, sir. THE COURT: Well, to that crime you can either plead guilty or not guilty. How is it you plead? THE DEFENDANT: Guilty.

On the basis of the argument and the record before us, we can find no merit in petitioner Holt's factual claims of denial of constitutional due process rights at the time of arraignment and his plea of guilty. We think it would be a waste of judicial time and an exercise in futility for this case to be made returnable or to be remanded to the appropriate chief judge for processing under the procedure provided in CrR 7.7. Therefore, we have concluded that the petition for habeas corpus should be denied and dismissed not only because no constitutional issue is presented but also because we find the petition is obviously lacking in merit. It is so ordered.

ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

HALE, C.J. (concurring specially)—I concur in the result and ratio decidendi of this opinion in all respects except for that part of it which seems to give precedential force to the task force commentary supporting CrR 7.7. *See* majority opinion, page 844. That commentary, as incorporated into the opinion, appears to give constitutional dimension to a phenomenon in the law variously described as post-conviction review, or post-conviction remedy, or post-conviction relief, and seems to endow such remedies with a quality not warranted, I think, by the constitutions. The basic fundamental and constitutional remedy or relief, as the case may be, for one convicted of a crime by a judge or jury serving in a constitutionally established court is and remains the process of appeal, or executive clemency, or both. When these two constitutional remedies have been exhausted, the case should end; any further relief ought to be limited to such relief as may be granted by the legislature in laws of general application.

The need for CrR 7.7 thus arises not from any organic defect in our judicial system but because the writ of habeas corpus has, as I see it, been allowed by a process of judicial contortion to deteriorate into a writ of appeal. Despite previous judicial protestations that habeas corpus is no substitute for appeal, it has become exactly that and one most frequently pursued after all remedies by appeal, probation, parole and executive clemency have been utilized. By habeas corpus one is insured of a superconstitutional procedure enabling him to institute appeal upon appeal and review upon review in forum after forum ad infinitum.

CrR 7.7 has been adopted to bring some order to this chaotic condition. CrR 7.7 appears neither to trespass on the substantive law of this jurisdiction nor to exceed the limited rule-making power of this court and currently operates, I think, to make the best of a presently bad situation developed in an era of rampant abuse of habeas corpus.