[No. 19326. Department One. September 2, 1925.]

*In the Matter of the Application of* V. A. HANNIGAN, *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS (8-1) — GROUNDS FOR RELIEF — CORRECTION OF ERRORS—REVOCATION OF CRIMINAL SENTENCE. On habeas corpus to release a prisoner, held by the sheriff under a judgment and commitment regular on its face, the courts can not consider the merits of the original sentence, the suspension thereof, or the revocation of the suspension, or whether the prisoner violated his parole and was subject to arrest.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered September 4, 1924, upon sustaining a demurrer to the petition, dismissing an application for a writ of habeas corpus to release a person held in custody upon conviction of a crime. Affirmed.

*F. W. Girand,* for petitioner.

*Chas. H. Leavy* and *A. O. Colburn,* for respondent.

BRIDGES, J.—This is an appeal from the judgment of the trial court made in habeas corpus proceedings.

The petition for the writ alleges that, on a certain day in June, 1924, the petitioner was, by a justice court in the city of Spokane, found guilty of practicing dentistry without having a license, and was sentenced to a term of thirty days in the county jail; that thereafter the justice court suspended the sentence on condition that the petitioner would refrain from further violating the state laws with reference to the practice of dentistry; that at all times since the petitioner has faithfully kept the conditions upon which the sentence was suspended, and has not in any manner practiced his profession;

"  . . . that on the 20th day of August, 1924,

[1]Reported in 238 Pac. 913.

the Honorable Fred H. Witt revoked said suspended sentence and issued a warrant directed to the sheriff of this county to apprehend the petitioner and to lodge said petitioner in the county jail; that the sheriff, acting in virtue of said warrant, did apprehend the petitioner and place him in the county jail of Spokane county, where he is now illegally confined and restrained of his liberty.''

It is then alleged that his arrest was illegal because the justice of the peace had no power or authority to revoke the suspension of the sentence, and that in so doing the court acted arbitrarily and without just cause or excuse, and that such revocation was had and made without any notice to the petitioner.

Upon this application, one of the judges of the superior court of Spokane county issued a writ requiring the sheriff to show by virtue of what authority he held the petitioner. The sheriff then demurred to the petition on the ground that it did not state facts sufficient to warrant a granting of a writ of habeas corpus, and also filed an answer wherein it is set up that the petitioner had previously been arrested for practicing dentistry without a license; that upon trial he was convicted and sentenced to the county jail for a period of thirty days; that the court suspended the sentence during good behavior and until the further order of the court; that thereafter the petitioner violated the law and the conditions upon which the suspension of sentence was made, in that he continued the practice of his profession; that thereupon the justice court revoked the suspension of sentence and issued a commitment to the sheriff requiring him to take the petitioner into possession and place him in the county jail to serve the term of his sentence; and that it was by virtue of such order or commitment issued by the justice court that he, the sheriff, held the petitioner in jail.

The court did not at once rule upon the demurrer, but a large amount of testimony was taken concerning the power of the court to revoke the suspension of sentence and the manner in which such revocation was made, and as to whether the petitioner had continued the practice of his profession in violation of law. In other words, the merits of the controversy were entered into. Thereafter the court entered judgment, first sustaining the demurrer to the petition, and next adjudging from the evidence that the justice court had authority to and was justified in revoking the suspension of sentence because the petitioner had violated the conditions upon which the suspension was made.

In a proceeding of this kind we cannot enter into the merits of the controversy. The statute forbids. See Rem. Comp. Stat., § 1075 [P. C. § 8039]. In a proceeding of this character, the only thing that the court can do is to examine into the regularity and validity of the warrant or commitment, if any, by virtue of which the sheriff claims to hold the prisoner, and maybe, also, into the regularity of the judgment upon which the commitment was based. *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *In re Parent,* 112 Wash. 620, 192 Pac. 947; *In re Voight,* 130 Wash. 140, 226 Pac. 482. From what we have said, it will be observed that the appellant, in his petition for the writ of habeas corpus, does not question the validity or regularity of the judgment upon which the petitioner is held; nor does he there question the sufficiency or regularity of the commitment by virtue of which the sheriff holds him. His only ground of complaint is that the justice of the peace, for various reasons, should not have entered an order revoking the suspension of sentence. It is not the purpose of a writ of this character to inquire into matters of that kind.

Since the petition does not question the sufficiency of the judgment or the commitment, we must sustain the judgment holding that the petition was subject to demurrer. If the sheriff hold the appellant by virtue of a commitment regular on its face, that is a complete defense. The trial court had no power in a proceeding of this kind to take testimony and thus inquire into the merits of the original sentence, the suspension thereof or the revocation of the suspension, or whether the appellant violated the conditions on which the suspension was made, or practiced, or pretended to practice, dentistry in violation of the laws of the state.

That portion of the judgment which in effect dismisses the action is affirmed.

Tolman, C. J., Parker, Mackintosh, and Askren, JJ., concur.