[No. 26565. *En Banc.* March 4, 1937.]

*In the Matter of the Application of* CARL ALBIN JOHNSON *for a Writ of Habeas Corpus.*[1]

*Will Lanning,* for petitioner.

*B. Gray Warner* and *Paul Coughlin,* for respondent.

[1]Reported in 65 P. (2d) 397.

GERAGHTY, J.—The petitioner makes application in this court for a writ of *habeas corpus*. He is held in confinement by the sheriff of King county on commitment by an order of the superior court for failure to pay alimony awarded to his divorced wife. The matter comes before us on an order directing the sheriff to show cause why the writ should not issue.

From recitals in the petition and an affidavit filed by the prosecuting attorney, on behalf of the sheriff, it appears:

The immediate authority for the detention of the petitioner is a warrant issued by order of the court entered December 31, 1936, directing the sheriff to apprehend the petitioner and confine him in the county jail for the term of six months, or until further order of the court. This order has its support in an earlier order of the court entered May 19, 1936.

The order of that date, after reciting the petitioner's presence in court under a bench warrant and finding him in default in the payment of alimony to his wife, required to be paid by the terms of an interlocutory order, subsequently confirmed by a divorce decree, although during all times since the entry of the order he had been steadily employed and amply able to comply therewith, adjudged him to be in contempt and sentenced him to serve a term of six months in the King county jail.

The sentence was suspended, however, for the six months' period upon condition that the petitioner pay his wife the sum of fifty dollars before the first day of June, 1936, and the further sum of fifty dollars a month on the first day of each month thereafter during that period. The order provided that, in the event of his failure to make any of the monthly payments when due, he should be taken into custody by the sheriff on a bench warrant issued upon order en-

tered after proof satisfactory to the court that he had so failed.

The order further provided that nothing therein should be construed as relieving the petitioner from the ultimate payment of all arrearages due under the interlocutory order; and that he appear in court on November 19, 1936, to show cause, if any he had, why he should not immediately pay up the arrearages of alimony and support money and perform all other matters required of him, or serve the six months' sentence imposed.

On November 19th, the court made an order reciting the failure of the petitioner to obey the mandate of the court, theretofore made and served upon him, and directing the issue of a bench warrant to have him brought into court to show cause why he should not be convicted of contempt; the order authorizing his release on bail conditioned for his appearance in court on November 23, 1936.

The record shows the issue of a warrant under this order, but no further proceedings until the order of December 31st, under which the petitioner is held in confinement.

The petitioner assigns numerous errors alleged to have been committed by the court in making the order of May 19, 1936, and in the subsequent proceedings ending with the order of December 31st, which, in effect, revoked the suspension of his sentence.

■ This court is committed to the rule that the writ of *habeas corpus* cannot be made to perform the office of appeal or writ of error. *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736; *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042; *In re Parent,* 112 Wash. 620, 192 Pac. 947.

By a long line of decisions of this court, it is held that the superior courts have authority to enforce the payment of alimony by attachment for contempt where the inability of the husband to comply is not shown. *In re Cave, supra; Wells v. Wells,* 99 Wash. 492, 169 Pac. 970; *Snook v. Snook,* 110 Wash. 310, 188 Pac. 502, 9 A. L. R. 262; *Boudwin v. Boudwin,* 159 Wash. 262, 292 Pac. 1017; *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61.

What, in effect, the petitioner is seeking here is to have reviewed the correctness of the orders of May 19 and December 31, 1936. This we cannot do.

*In re Hannigan,* 136 Wash. 60, 238 Pac. 913, was a case where an application for a writ of *habeas corpus* was dismissed by the superior court. The petitioner had been sentenced by a justice of the peace to thirty days' imprisonment in the county jail for practicing dentistry without a license. The sentence was suspended on condition that he refrain from further violating the state laws with reference to such practice. Thereafter, the justice revoked the suspension and directed the issue of a warrant to the sheriff for apprehension of the petitioner and his commitment to the county jail to serve his sentence. On the hearing in the *habeas corpus* proceeding in the superior court, much testimony was taken to determine whether or not the petitioner had, in fact, violated the conditions upon which the sentence was suspended. The trial court denied the application. On an appeal taken to this court, we said:

"If the sheriff hold the appellant by virtue of a commitment regular on its face, that is a complete defense. The trial court had no power in a proceeding of this kind to take testimony and thus inquire into the merits of the original sentence, the suspension thereof or the revocation of the suspension, or whether the appellant violated the conditions on which

the suspension was made, or practiced, or pretended to practice, dentistry in violation of the laws of the state.''

The writ is denied.

ALL CONCUR.