IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER A NIELSEN,<br><br>                    Appellant,<br><br>       v.<br><br>ISLAND COUNTY SHERIFF'S<br>OFFICE,<br><br>                 Respondents. | No. 85989-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Christopher Nielsen appeals the superior court's denial of his petition for a writ of habeas corpus, arguing that the superior court lacked jurisdiction to hear his federal constitutional claims and that Island County sheriff deputies unconstitutionally stopped and searched his vehicle. We affirm the superior court's denial of the petition.

## I.     BACKGROUND

On January 23, 2023, a sheriff's deputy pulled over a blue Chevrolet Caviler, which Nielsen was driving. The deputy mistakenly believed the vehicle's license number did not match its registration. Nielsen also claims the deputy asked whether Nielsen resided at an address on Great Dane Lane. The deputy cited Nielsen for driving with a suspended license but ultimately released him.

On January 25, 2023, two sheriff's deputies were investigating a report that the same blue Chevrolet Caviler had been stolen. The deputies located vehicle parked outside the Great Dane Lane address and found Nielsen asleep in the car. The deputies searched the vehicle and arrested Nielsen for unlawful possession of a stolen vehicle, unlawful possession of a firearm, possession of a controlled substance, and introducing contraband in the second degree.

On January 26, 2023, Nielsen attended a preliminary appearance hearing before the Island County Superior Court. The superior court found probable cause for the crimes of unlawful possession of a firearm in the first degree, possession of a stolen vehicle, and possession of a controlled substance with intent to deliver. The court then ordered his release, on the condition he post a $50,000 bond, which he did not. On January 30, 2023, the State charged Nielsen by way of information of those crimes.

Nielsen proceeded pro se and filed two key documents with the superior court. First, on August 28, 2023, Nielsen filed an "Application for Writ of Habeas Corpus" under a civil case number, arguing that the deputies violated the federal and Washington constitutions during their seizures of January 23 and January 25.[1] He further requested the petition be forwarded to our Supreme Court under Chapter 7.36 RCW.[2] Second, on August 31, 2023, Nielsen filed a CrR "3.6 Motion

---

[1] Nielsen cited to "the 4th, 5th, and 14th amendments to the United States Constitution" and "article 1 section 7 of the Washington state Constitution."

[2] On August 30, 2023, Nielsen also filed a "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" under the same civil case number. Nielsen handwrote his petition on a form provided by the federal government. Nielsen, however, reiterated the same arguments from his previous petition. However, Nielsen's notice of appeal to this court did not list or include this petition.

to Suppress" the evidence obtained through those seizures. Nielsen filed this motion under a separate criminal case number.

On September 5, 2023, the superior court held a hearing on Nielsen's petition for a writ of habeas corpus. Ultimately, the court denied his petition and explained that "[h]abeas corpus is not a means that you can utilize to challenge an unlawful search and seizure . . . without first exhausting your available State remedies," referring to Nielsen's then pending motion to suppress. The court further explained that the "Court did provide due process when the Court considered the Preliminary Hearing issues" and that "[y]ou have already exercised your due process right to have the Court consider whether the search and seizure and the officer's presence on the property was illegal . . . If the Court agrees with you, that evidence will be suppressed." On October 20, 2023, the superior court issued a written order that denied Nielsen's petition for the same reasons.

On Nov. 6, 2023, Nielsen appealed only the denial of his habeas petition and not the denial of his motion to suppress. On March 1, 2024, Nielsen pleaded guilty as charged.

II.    ANALYSIS

We begin by noting that Nielsen continues to litigate his petition pro se. "Courts hold pro se litigants to the same standards as attorneys." In re Vulnerable Adult Petition of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant."). As such, a pro se party's failure to comply with the Rules of Appellate Procedure may preclude

appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). Even so, we liberally interpret those rules "to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a).

A.     Brief Overview of Habeas Corpus

In general, "habeas corpus" is a "writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal." BLACK'S LAW DICTIONARY 850 (12th ed. 2024). The "purpose of judicial review of restraint, be it by writs of habeas corpus or by personal restraint petitions,[3] is to protect against governmental oppression and power exercised without law." In re Pers. Restraint of Grantham, 168 Wn.2d 204, 214, 227 P.3d 285 (2010). Stated otherwise, habeas corpus is a "remedy for one illegally deprived of his liberty." In re Grieve, 22 Wn.2d 902, 904, 158 P.2d 73 (1945).

Traditionally, when a "petitioner [for a writ of habeas corpus] is held under a commitment issued pursuant to a judgment of a court of general jurisdiction, the authorized scope of the inquiry, unless it has been broadened by statute, is very limited" with "but one question presented to the court for decision, and that is,—Is this a judgment or a nullity?" Id. Our Supreme Court previously had held that habeas corpus was not a "writ of error" and was limited to "whether a judgment exists." In re Newcomb, 56 Wash. 395, 396-97, 105 P. 1042 (1909); In re Hannigan, 136 Wash. 60, 63, 238 P. 913 (1925) ("[i]f the sheriff hold the appellant

---

[3] Personal restraint petitions are procedurally distinct from, and considered a "successor" to, habeas corpus. In re Pers. Restraint of Skone, 30 Wn. App. 2d 1, 42, 543 P.3d 842 (2024) (distinct); In re Pers. Restraint of Turay, 153 Wn.2d 44, 57, 101 P.3d 854 (2004) (Chambers, J. concurrence) (successor).

by virtue of a commitment regular on its face, that is a complete defense."). That is, an order that was "valid and regular on its face" was "beyond the scope of permissible inquiry" in habeas corpus proceedings. In re Palmer v. Cranor, 45 Wn.2d 278, 279-81, 273 P.2d 985 (1954) (holding it "examined the pleaded facts" and "inquired into the legality of the judgment, where the petition alleged that rights guaranteed by the constitution had been violated.").

"However, by case law, court rule, and ultimately, by statute, consideration of collateral challenges expanded." In re Pers. Restraint of Coats, 173 Wn.2d 123, 129, 267 P.3d 324 (2011). In Washington, chapter 7.36 RCW governs petitions for a writ of habeas corpus before superior courts. "[I]n 1947 the legislature in amending RCW 7.36.130(1) attempted to significantly enlarge the ambit of post-conviction relief by way of petitions for a writ of habeas corpus." Holt v. Morris, 84 Wn.2d 841, 843, 529 P.2d 1081 (1974) overruled on other grounds by Wright v. Morris, 85 Wn.2d 899, 902-03, 540 P.2d 893 (1975) (discussing CrR 7.7). Based on that enlargement, today RCW 7.36.130(1) which allows courts to review allegations "that rights guaranteed the petitioner by the Constitution of the state of Washington or the United States have been violated." See also LAWS OF 1947, ch. 256, § 3.

Contemporaneously with these developments in Washington, this court observed that "the Supreme Court of the United States has indicated that the purpose of the writ should not be restricted to a determination of the legality of detention, but that it may be utilized to secure relief from any restraint which violates basic and fundamental freedoms." Woods v. Burton, 8 Wn. App. 13, 15,

503 P.2d 1079 (1972). That said, this court also warned that "[w]e do not mean to imply that every complaint by an inmate alleging violation of the Eighth Amendment or article I, section 14 of our constitution necessarily forms a basis for a writ of habeas corpus." Id. at 16. After all, "[p]arties raising constitutional issues must present considered arguments to this court." State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

In sum, "[t]he writ of habeas corpus is an original action" where the petitioner "sets forth allegations detailing the unlawfulness of detention." Butler v. Kato, 137 Wn. App. 515, 520-21, 154 P.3d 259 (2007); RCW 7.36.030. However, while the "writ of habeas corpus is available . . . for the purpose of inquiring into the legality of the petitioner's restraint," it can also be used "to determine whether his constitutional right to due process of law has been violated." In re Allen v. Rhay, 52 Wn.2d 609, 611, 328 P.2d 367 (1958) (emphasis omitted); RCW 7.36.130(1).

"We review rulings on writs of habeas corpus de novo." Wahleithner v. Thompson, 134 Wn. App. 931, 935, 143 P.3d 321 (2006).

B.    The Superior Court's Jurisdiction to Deny the Petition

In first two assignments of error, Nielsen argues that the superior court did not have jurisdiction to deny his habeas petition as "'*whether in an original proceeding or upon [an] appeal*, if any federal question shall be presented by the pleadings, it shall be the *duty of the supreme court* to determine in its opinion whether or not the petitioner has been denied a right guaranteed by the Constitution of the United States.'" (Emphasis added) (quoting RCW 7.36.140).

Nielsen's reliance on RCW 7.36.140 is mistaken. First, the plain language

of RCW 7.36.140 does not state that *only* this court or our Supreme Court can ever hear federal questions within habeas corpus proceedings. Rather, RCW 7.36.140 states that "whether in an original proceeding *or upon appeal*," it is our Supreme Court's "duty" to determine such questions if they are before it. (Emphasis added); see also Woods, 8 Wn. App. at 15 ("we believe no less of a duty falls upon this court when a constitutional question is before it."); see also RCW 7.36.040 ("[w]rits of habeas corpus may be granted by the supreme court, the court of appeals, or superior court.").

In fact, this court considered a superior court's denial of a petition for a writ of habeas corpus that implicated both state and federal constitutional questions on pre-trial release conditions. Butler, 137 Wn. App. at 519-520, 524, 530, 532. As such, we reject Nielsen's argument under RCW 7.36.140.

C.      The Superior Court's Denial of the Habeas Corpus Petition

In his final three assignments of error, Nielsen avers that the evidence gathered on January 23 and January 25 was unlawfully obtained. In particular, he alleges the sheriff's deputies unlawfully entered the Great Dane Lane property and searched the vehicle without a valid warrant.

It is true that a writ of habeas corpus may be used "to determine whether his constitutional right to due process of law has been violated." Allen, 52 Wn.2d at 611 (emphasis omitted); RCW 7.36.130. Even so, "[p]arties raising constitutional issues must present considered arguments to this court." Johnson, 119 Wn.2d at 171; State v. Johnson, 179 Wn.2d 534, 558, 315 P.3d 1090 (2014) ("'[n]aked castings into the constitutional seas are not sufficient to command

7

judicial consideration and discussion.'") (alteration in original) (internal quotation marks omitted) (quoting State v. Blilie, 132 Wn.2d 484, 493 n.2, 939 P.2d 691 (1997)).

Nielsen's petition is insufficient regardless of whether we consider the facial validity of the superior court's orders or the modern statutory grounds described in Allen, 52 Wn.2d at 611. Nielsen does not assert the orders are facially invalid, nor does he explain how his commitment "violate[d his] basic and fundamental freedoms." Woods, 8 Wn. App. at 15.

As to the latter, Nielsen's briefs mention only in passing the superior court's finding of probable cause or order of conditional release. His petition failed to directly reference either. Instead, his petition presented only generalized assertions of the Fourth, Fifth, and Fourteenth Amendment rights violations alongside claims of article I, section 7 of Washington's constitution violations, without further citation to authority. Nielsen's briefs cite two authorities that reference the Fourth Amendment to define the terms "search" and "curtilage." Otherwise, his briefs only generally allude to the various constitutional provisions asserted in his petition. In other words, Nielsen does nothing to connect his generalized complaints about the court's probable cause finding or its order on conditional release to any basic or fundamental freedom.

Further, when the superior court held a hearing on Nielsen's petition, Nielsen had already filed a motion to suppress under CrR 3.6 the evidence obtained on January 23rd and 25th. Nielsen chose to resolve the matter without appealing the denial of his suppression motion here or previously. As our Supreme

8

Court has explained, "habeas . . . is not a substitute for an appeal." <u>Grantham</u>, 168 Wn.2d at 210-211; <u>see</u> <u>also</u> <u>Williams v. McCauley</u>, 7 Wn.2d 1, 5, 108 P.2d 822 (1940) ("a writ of habeas corpus cannot be permitted to perform the functions of an appeal or writ of error to review the errors or irregularities of a court of competent jurisdiction.").

In sum, Nielsen's arguments do not explain, or cite to any authority, why his complaints about the seizures affect basic or fundamental freedoms. Nor does Nielsen explain why a habeas corpus petition is the proper avenue for relief, rather than an appeal of the denial of his motion to suppress. Indeed, Nielsen's petition simply does not address the superior court's orders underlying his detention.[4]

## III. CONCLUSION

We affirm the superior court's denial of Nielsen's petition for a writ of habeas corpus.

Díaz, J.

WE CONCUR:

---

[4] In an additional assignment of error, Nielsen argues, without citation to any authority, that "[i]f there is a pre-deprivation remedy available and within the three guidelines of due process, it needs to be utilized." However, we need not reach this argument. <u>DeHeer v. Seattle Post-Intelligencer</u>, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").